2002 UT App 134

STATE of Utah, Plaintiff and Appellee,

v.

David HITTLE, Defendant and Appellant.

No. 20000712–CA.

Court of Appeals of Utah.

April 25, 2002.

Edward R. Montgomery, Salt Lake City, for Appellant.

Mark L. Shurtleff, Kris·C. Leonard, and Eric D. Petersen, Salt Lake City, for Appellee.

Before Judges DAVIS, GREENWOOD, and THORNE.

## OPINION

GREENWOOD, Judge.

¶1 Defendant David Hittle appeals his conviction and the trial court's denial of his motion to withdraw his guilty plea because the trial court failed to advise Defendant of his right to a speedy trial under Rule 11(e)(3) of the Utah Rules of Criminal Procedure.[1] While conceding that the trial court failed to advise Defendant of his right to a speedy trial under rule 11(e)(3), the State argues that the error was harmless because Defendant has failed to show that but for the trial court's omission, he would have proceeded to trial. We reverse.

## BACKGROUND

¶2 Defendant was charged with a third degree felony and a class A misdemeanor for criminal non-support, in violation of Utah Code Ann. § 76–7–201 (1999). During a hearing in April 2000, Defendant pleaded guilty to the class A misdemeanor, agreed to pay all child support arrearages, and agreed to 36 months probation in exchange for the State dropping the felony charge and the trial court suspending his one year jail sentence. However, during the rule 11 colloquy, the trial court failed to inform Defendant of his right to a speedy trial. The trial court stated the following:

> Do you understand that by entering this plea today ... you are giving up your right to go to trial; [your] right to confront and cross examine witnesses, to present evidence on your behalf or to refrain from presenting evidence if you[ ] wish and to make the State carry the burden of proving beyond reasonable doubt all of the elements of the offense as charged; to have witnesses brought on your behalf to court to testify, with the compulsion of a subpoena if necessary. You have the right not to commit yourself unless you choose

---

1. Defendant also argues that the trial court committed other omissions under Rule 11 of the Utah Rules· of Criminal Procedure and that his trial counsel was ineffective. Since we reverse on the ground that the trial court failed to inform Defendant of his right to a speedy trial, we do not address these other issues.

to take the stand in which case you would be subject to cross examination. You have the right to, if you were to be convicted and found guilty following a trial by an impartial decision maker, or a jury in this matter, you would have the right to appeal. You're giving up those rights by entering this plea today.

Defendant stated that he was prepared to give up those rights and agreed that he understood the potential penalties for pleading guilty to a class A misdemeanor. Furthermore, the Plea Agreement Defendant signed did not include a provision waiving the right to a speedy trial.

¶3 On May 17, 2000, Defendant filed a motion to withdraw his guilty plea. The trial court denied the motion and this appeal followed.

## ISSUE AND STANDARD OF REVIEW

¶4 Because Defendant did not object below to the trial court's omissions under rule 11, we review Defendant's claim for plain error. We determine whether the trial court committed plain error as a matter of law. *See State v. Brooks*, 868 P.2d 818, 821 (Utah Ct.App.1994).

## ANALYSIS

¶5 Since Defendant claims for the first time on appeal that the trial court failed to inform him of his right to a speedy trial, Defendant must show plain error. *See State v. Garcia*, 2001 UT App 19,¶6, 18 P.3d 1123. " 'To succeed on a claim of plain error, a defendant has the burden of showing (i)[a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful.' " *State v. Tarnawiecki*, 2000 UT App 186,¶11, 5 P.3d 1222 (citations and internal quotations omitted) (alteration in original). "To show obviousness of the error, [Defendant] must show that the law was clear at the time of trial." *Garcia*, 2001 UT App 19 at ¶6, 18 P.3d 1123; *see also State v. Ross*, 951 P.2d 236, 239 (Utah Ct.App.1997) ("Utah courts have repeatedly held that a trial court's error is not plain where there is no settled appellate law to guide the trial court."). Our review of Defendant's claim

under each element of plain error analysis is set forth below.

¶6 First, the trial court erred by failing to advise Defendant of his right to a speedy trial. Under Rule 11(e)(3) of the Utah Rules of Criminal Procedure, a trial court may not accept a guilty plea until it finds that the defendant knows that by pleading guilty, he is waiving "the right to a speedy public trial." In analyzing alleged rule 11 violations, we have held that *"strict compliance, rather than substantial compliance*, with Rule 11 is required when accepting a guilty plea." *Tarnawiecki*, 5 P.3d 1222, 2000 UT App 186 at ¶12 (emphasis added); *see also State v. Maguire*, 830 P.2d 216, 217 (Utah 1991). The trial court did not strictly comply with rule 11 because it failed to advise Defendant of his right to a speedy trial either orally or in the plea affidavit. Therefore, the trial court erred.

¶7 Second, this error should have been obvious to the trial court in light of our opinion in *Tarnawiecki*. In *Tarnawiecki*, the trial court failed to notify the defendant of her right "to a speedy trial before an impartial jury" pursuant to rule 11. 5 P.3d 1222, 2000 UT App 186 at ¶16. Because the defendant raised the issue for the first time on appeal, we applied a plain error analysis and held that the trial court's omission was an obvious error. *See id.* at ¶18. We reasoned that in light of Utah appellate court opinions requiring strict compliance with the rule 11 colloquy requirements, the trial court should have known that failing to inform the defendant of her right to a "speedy trial before an impartial jury" was error. *Id.* at ¶19. Therefore, like *Tarnawiecki*, the trial court's failure to inform Defendant of his right to a speedy trial was an obvious error.

¶8 The State argues that the alleged error was not obvious because *Tarnawiecki* is distinguishable from Defendant's case. In *Tarnawiecki*, the trial court "wholly failed to advise [the] defendant of her constitutional right to a speedy trial before an impartial jury." *Id.* at ¶17. However, in Defendant's case, the trial court omitted only the word "speedy" from the required rule 11 colloquy. Since the trial court complied with the re-

quirements of *Tarnawiecki*, with the exception of the word "speedy," the State argues that the error was not obvious. However, because "strict compliance, rather than substantial compliance, with Rule 11 is required when accepting a guilty plea," the State's argument fails. *Id.* at ¶ 12. Furthermore, the constitutional right to a speedy trial is a distinct right of criminal defendants, separate from the right to a trial before an impartial jury. *See* U.S. Const. amend. VI. Thus, a defendant must be informed of this right and knowingly waive it in order to enter a valid guilty plea.

¶ 9 Finally, the trial court's omission was harmful because the omission dealt with a substantial constitutional right. *See id.* It is well established under Utah law that we will presume harm under plain error analysis when a trial court fails to inform a defendant of his constitutional rights under rule 11. *See, e.g., Tarnawiecki*, 5 P.3d 1222, 2000 UT App 186 at ¶ 18 (presuming harm when trial court failed to inform Defendant that she was entitled to a "speedy trial before an impartial jury"); *State v. Ostler*, 2000 UT App 28,- ¶¶ 25–26, 996 P.2d 1065 (presuming harm where trial court failed to inform defendant that he would waive certain constitutional rights by pleading guilty); *State v. Pharris*, 798 P.2d 772, 774 n. 5 (Utah Ct.App.1990) (same).

¶ 10 The reason for presuming harm is that by not knowing which rights a defendant is waiving, the defendant cannot make a fully informed decision. *See Ostler*, 996 P.2d 1065, 2000 UT App 28 at ¶ 25. If the defendant is not fully informed of his rights prior to pleading guilty, then the guilty plea cannot be voluntary. *See id.* We cannot accept an involuntary guilty plea and still claim to have done justice. Therefore, because the trial court failed to advise Defendant of his substantial constitutional right to a speedy trial, we presume harm.

## CONCLUSION

¶ 11 Because the trial court committed plain error in advising Defendant of his rights, we reverse and remand for proceedings consistent with this opinion.

¶ 12 WE CONCUR: JAMES Z. DAVIS and WILLIAM A. THORNE JR., Judges.