2003 UT App 117

**STATE of Utah, Plaintiff and Appellee,**

v.

**Gustavo MORA, Defendant and Appellant.**

No. 20020095–CA.

Court of Appeals of Utah.

April 24, 2003.

Susanne Gustin–Furgis, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Marian Decker, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges DAVIS, GREENWOOD, and ORME.

## OPINION

DAVIS, Judge:

¶ 1 Gustavo Mora (Mora) appeals the trial court's [1] denial of his motion to withdraw his guilty plea to aggravated robbery, a first degree felony, in violation of Utah Code Ann. § 76–6–302 (1999). We reverse and remand.

## BACKGROUND

¶ 2 Mora was charged with one count of aggravated robbery, a first degree felony, and theft from a person, a second degree felony. In separate proceedings, Mora was facing charges on two unrelated counts of aggravated robbery in Utah, and violation of a "three strikes" statute in California.

¶ 3 At a change of plea hearing on April 20, 2001, Mora pleaded guilty to one count of aggravated robbery with a firearm enhancement. In exchange, the State agreed to drop the theft charge and the two unrelated aggravated robbery charges.

¶ 4 During the plea colloquy, the elements of and factual basis for the aggravated robbery charge were discussed as follows:

THE COURT: You're charged with an aggravated robbery, that on other [sic] about October 11th, 2000, that you, with the use of a dangerous weapon, by force or fear—I don't know the name of the complaining witness.

Can you give me any more about the circumstances?

[DEFENSE ATTORNEY]: Your Honor, I put in the factual bases as follows:

---

1. Judge Young presided over the change of plea hearing and Judge Burton presided over the hearing concerning Mora's motion to withdraw his guilty plea.

On October 11th, 2000, in Salt Lake County, I took personal property from the victim, and I had—and possessed a gun that got the victim to give me the money.

¶ 5 When the trial court asked Mora whether he committed the crime, Mora answered, "I plead guilty to that one right there, to the first degree." Later, Mora signed the Affidavit of Defendant (affidavit) in open court and stated again, "I pled guilty" to aggravated robbery.

¶ 6 The trial court also questioned Mora about why he was pleading guilty. Mora said he was pleading guilty "[b]ecause I want to go out to the prison as soon as possible. I don't like that county jail. . . . I just want to—that's the only reason I'm taking this, because I'm not comfortable being in the county jail." The trial court answered:

[T]he jail shouldn't have anything to do [with] it, and I'll tell you why. Because if you want to just take the trial and try them all . . . you will stay in the county jail the whole time you're trying them and then you'll still be in the county jail for another six weeks to get a presentence report. So there is no way you're getting out of the county jail today by whatever decision you want to make.

¶ 7 Mora responded, "[T]hat's what I have in my mind, that I'm going to prison today. . . . So if it ain't going to happen that way, I'm going to take everything to trial." Finally, when the trial court and the prosecution determined that Mora could receive a post-sentence report and be sent to prison immediately, Mora accepted the plea agreement.

¶ 8 During the colloquy, the trial court and Mora also discussed California's ability to sentence Mora consecutively on the "three strikes" charges. The discussion went as follows:

THE COURT: Okay. . . . [T]here's no way that Utah can control California and no way that California can control Utah. They each have independent convictions.

[MORA]: So most likely I'm going to go do the five to life in seven to ten years, and then they'll pick me up, or what?

THE COURT: Well, that will be up to them to decide.

[MORA]: To who?

THE COURT: California. California can put a hold on you and they can take you after you served your Utah time. They could also say, okay, he's served six years in Utah, we're going to terminate his parole unsuccessful. They could do that.

¶ 9 Later, Mora said, "I'll take [the ten years to life sentence] because I'm going to this prison, and from here, whenever I get out, I'm going over [to California] and they're going to give me [twenty-five] to life."

¶ 10 During the colloquy, the trial court did not tell Mora that, if he chose to go to trial, the State carried the burden of proving him guilty beyond a reasonable doubt.

¶ 11 At the conclusion of the colloquy, Mora signed the affidavit. Prior to asking Mora to sign the affidavit, the trial court asked Mora whether he was satisfied with his counsel's representation and whether he had any questions. Mora responded that he was satisfied and that he did not have any questions. The trial court did not ask Mora whether he had read and understood the affidavit. The trial court then witnessed Mora sign the affidavit.

¶ 12 The affidavit lists the elements of aggravated robbery as: "(1) any person, (2) who takes personal prop[erty], (3) by use of force and fear, (4) with [a] gun." It also describes the factual basis for the charge as: "On October 11, 2000, in Salt Lake County, I took personal property from the victim and I had and possessed a gun that got the victim to give me the money." The affidavit further provides that Mora entered "this plea voluntarily and with knowledge and understanding" that, among other things, if he pleads not guilty and goes to trial, "the State of Utah will have the burden of proving each element of the charge beyond a reasonable doubt;" if he is "on probation or parole, or awaiting sentencing on another offense of which [he] ha[s] been convicted or to which [he] ha[s] pled guilty, [his] plea in the present action may result in consecutive sentences being imposed;" and "by entering such plea, [he is] admitting and do[es] so

admit that [he] ha[s] committed the conduct alleged and that [he is] guilty of the crime for which [his] plea is entered."

¶ 13 On May 11, 2001, Mora filed a motion to withdraw his guilty plea. Mora argued that his plea should be withdrawn because the trial court failed to strictly comply with rule 11 of the Utah Rules of Criminal Procedure. Specifically, Mora claimed the trial court failed to: (1) state the elements of aggravated robbery and how Mora's conduct related to those elements; (2) inform Mora that, if he chose to go to trial, the State bore the burden of proving his guilt beyond a reasonable doubt; (3) inform Mora that, by pleading guilty, he was admitting guilt to all elements of aggravated robbery; (4) inform Mora that his plea could result in the imposition of consecutive sentences with his California charges; and (5) inquire about Mora's state of mind.

¶ 14 The trial court conducted a motion hearing on October 24, 2001. In an order dated December 12, 2001, the trial court denied Mora's motion, holding that Mora "was properly apprised [sic] of all of his constitutional rights" because, "[t]aken together, the oral colloquy and the [affidavit] contain a complete recitation of [Mora]'s constitutional rights." Specifically, the trial court held that: (1) the record does not support Mora's contention that "promises were made to him relative to his parole status in California;" (2) Mora's "admission to taking personal property from the victim by use of a gun is a sufficient factual basis for acceptance of a guilty plea;" (3) Mora's "demeanor ... and his signature ... evidenced a knowing and voluntary waiver of his constitutional rights;" and (4) Mora entered the guilty plea "with full knowledge of the consequences of that plea, and of the elements of the offense."

¶ 15 On January 9, 2002, Mora appealed the trial court's decision.

## ISSUE AND STANDARD OF REVIEW

 ¶ 16 Mora claims the trial court erred by denying Mora's motion to withdraw his guilty plea. The "withdrawal of a plea of guilty is a privilege, not a right ... [and] is within the sound discretion of the trial court." *State v. Gallegos*, 738 P.2d 1040, 1041 (Utah 1987). Thus, "[w]e review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard." *State v. Blair*, 868 P.2d 802, 805 (Utah 1993).

## ANALYSIS

¶ 17 Mora argues the trial court abused its discretion by denying his motion to withdraw his guilty plea because his guilty plea was taken in violation of rule 11 of the Utah Rules of Criminal Procedure.

 ¶ 18 "The purpose of rule 11 is to ensure that a defendant knows of his or her rights and thereby understands the consequences of a decision to plead guilty." *State v. Martinez*, 2001 UT 12, ¶ 22, 26 P.3d 203. Accordingly, "[r]ule 11(e) squarely places on trial courts the burden of ensuring that constitutional and [r]ule 11(e) [2] requirements are complied with when a guilty plea is entered." *State v. Gibbons*, 740 P.2d 1309, 1312 (Utah 1987) (footnote added). In other words, "[t]he trial judge bears the burden of establishing, on the record, strict compliance with [r]ule 11(e)." *State v. Penman*, 964 P.2d 1157, 1160 (Utah Ct.App.1998). "However, 'strict compliance can be accomplished by multiple means so long as no requirement of the rule is omitted and so long as the record reflects that the requirement has been fulfilled.'" *Id.* (quoting *State v. Maguire*, 830 P.2d 216, 218 (Utah 1991)).

2. Before a trial court may accept a guilty plea, rule 11(e) requires the court to find, among other things:

 (2) the plea is voluntarily made;
 ....
 (4)(A) the defendant understands the nature and elements of the offense to which the plea is entered, that upon trial the prosecution would have the burden of proving each of those ele-

ments beyond a reasonable doubt, and that the plea is an admission of all those elements;
 (B) there is a factual basis for the plea....;
 (5) the defendant knows the minimum and maximum sentence, and if applicable, the minimum mandatory nature of the minimum sentence, that may be imposed for each offense to which a plea is entered.
Utah R.Crim. P. 11(e)(2), (4)-(5).

¶ 19 A sufficient affidavit may be used to promote efficiency during a plea colloquy. *See Gibbons,* 740 P.2d at 1313. However, "an affidavit should be only the starting point, not an end point, in the pleading process." *Id.* "It is critical ... that strict [r]ule 11 compliance be demonstrated on the record at the time the guilty or no contest plea is entered." *State v. Smith,* 812 P.2d 470, 477 (Utah Ct.App.1991). "Therefore, if an affidavit is used to aid [r]ule 11 compliance, it must be addressed during the plea hearing." *Id.* "The trial court must conduct an inquiry to establish that the defendant understands the affidavit and voluntarily signed it." *Id.; see also State v. Maguire,* 830 P.2d 216, 217, 1992 Utah LEXIS 29, No. 900555, *2–3 (Utah 1992) (holding a plea affidavit is "properly incorporated in the record" when "the trial judge ascertains in the plea colloquy that the defendant has read, has understood, and acknowledges all the information contained therein"). Then, "[a]ny omissions or ambiguities in the affidavit must be clarified during the plea hearing, as must any uncertainties raised in the course of the plea colloquy." *Smith,* 812 P.2d at 477. Thus, "[t]he efficiency-promoting function of the affidavit is thereby served, in that the court need not repeat, verbatim, [r]ule 11 inquiries that are clearly posed and answered in the affidavit, unless [r]ule 11 by its terms specifically requires such repetition." *Id.*

¶ 20 In this case, the affidavit was not properly incorporated into the record. At the end of the plea colloquy, the trial court had Mora sign the affidavit. The trial court then stated on the record that Mora, "in open court," signed the affidavit. Howev-

er, the trial court made no inquiry into whether Mora had read, understood, and acknowledged the affidavit. Thus, the affidavit was not properly incorporated into the record, and we may not consider it when determining whether the record establishes that the trial court strictly complied with rule 11.

¶ 21 Without considering the affidavit, the record shows that, during the plea colloquy, the trial court did not inform Mora that, if he chose to go to trial, the State would bear the burden of proving each element of aggravated robbery beyond a reasonable doubt. Under rule 11(e), the trial court "may not accept the plea" until it has found that "the defendant understands ... that upon trial the prosecution would have the burden of proving each of [the crime's] elements beyond a reasonable doubt." Utah R.Crim. P. 11(e)(4)(A). Thus, since the trial court failed to determine whether Mora understood that the State carried the burden of proving him guilty beyond a reasonable doubt, the trial court failed to strictly comply with rule 11.[3]

¶ 22 The State argues that even if the affidavit was not properly incorporated, we should still affirm the trial court's decision to deny Mora's motion to withdraw his guilty plea because any error committed by the trial court was harmless.[4] Rule 30 of the Utah Rules of Criminal Procedure provides that any error "which does not affect the substantial rights of a party shall be disregarded." Utah R.Crim. P. 30(a). In this case, we decline to determine whether the harmless error doctrine applies to rule 11 violations. During the plea colloquy, the trial court failed to inform Mora that, if he

3. Because our decision that the trial court failed to strictly comply with rule 11 by accepting Mora's guilty plea without informing him that the State had the burden to prove him guilty beyond a reasonable doubt is dispositive, we need not address Mora's other arguments. *See, e.g., State v. Heaton,* 958 P.2d 911, 919 (Utah 1998) (holding that where one argument is dispositive of the appeal, we need not address the defendant's other arguments).

4. Prior to the creation of the strict compliance test in *Gibbons,* Utah appellate courts applied a "record as a whole" test to rule 11. *See State v. Maguire,* 830 P.2d 216, 217 (Utah 1991) (per curiam). As long as the "record as a whole" test

was used, the harmless error doctrine clearly applied to rule 11 violations. *See State v. Kay,* 717 P.2d 1294, 1301 (Utah 1986) (holding the harmless error doctrine applies to rule 11 violations because otherwise "we would encourage defendants ... to attack their convictions for purely tactical reasons, either by direct appeal or by seeking habeas corpus long after the fact"), overruled in part on other grounds by *State v. Hoff,* 814 P.2d 1119, 1123 (Utah 1991). However, it is not clear whether the harmless error doctrine continues to apply to rule 11 violations after *Gibbons.* Also, the issue of whether the defendant would have entered the plea but for the error would, in most cases, turn in part on the defendant's subjective assertions.

chose to go to trial, the State carried the burden of proving him guilty beyond a reasonable doubt. The right to require the State to prove guilt beyond a reasonable doubt is guaranteed by the due process clauses of the Utah and the United States Constitutions. *See State v. Lopes,* 1999 UT 24,¶ 13, 980 P.2d 191 (holding that "as both a state and federal constitutional matter, we conclude that due process requires that the prosecution prove every element of the charged crimes beyond a reasonable doubt" (citing Utah Const. art. I, § 7; U.S. Const. amends. V, XIV) (other citations omitted)). "It is well established under Utah law that we will presume harm ... when a trial court fails to inform a defendant of his constitutional rights under rule 11." *State v. Hittle,* 2002 UT App 134,¶ 9, 47 P.3d 101 (applying plain error test to rule 11 violation), *cert. granted,* 59 P.3d 603 (Utah 2002); *see also State v. Dean,* 2002 UT App 323,¶ 12, 57 P.3d 1106 (same), *cert. granted,* 64 P.3d 586, 2003 Utah LEXIS 19, No. 20020952 (Utah 2003); *State v. Tarnawiecki,* 2000 UT App 186,¶ 11, 5 P.3d 1222 (same). We presume harm because, "by not knowing which rights a defendant is waiving, the defendant cannot make a fully informed decision." *Hittle,* 2002 UT App 134 at ¶ 10, 47 P.3d 101. "If the defendant is not fully informed of his rights prior to pleading guilty, then the guilty plea cannot be voluntary. We cannot accept an involuntary guilty plea and still claim to have done justice." *Id.* Therefore, since the trial court failed to inform Mora of his constitutional right that the State must prove him guilty beyond a reasonable doubt, we presume harm and do not consider whether the harmless error doctrine applies to rule 11.

## CONCLUSION

¶ 23 We hold the trial court exceeded its discretion by denying Mora's motion to withdraw his guilty plea. The trial court that accepted the plea failed to strictly comply with rule 11 when it accepted Mora's guilty plea without correctly incorporating the affidavit into the record or establishing elsewhere on the record that Mora knew the State was required to prove him guilty beyond a reasonable doubt. Furthermore, we decline to consider the harmless error doctrine because we presume the error was harmful in this case. Therefore, we vacate Mora's conviction and allow him to withdraw his guilty plea.

¶ 24 We reverse and remand for proceedings consistent with this opinion.

¶ 25 WE CONCUR: PAMELA T. GREENWOOD and GREGORY K. ORME, Judges.