2004 UT 46

**STATE of Utah, Plaintiff and Petitioner,**

v.

**David HITTLE, Defendant and Respondent.**

**No. 20020504.**

Supreme Court of Utah.

June 11, 2004.

Mark L. Shurtleff, Att'y Gen., Kris C. Leonard, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Margaret P. Lindsay, Provo, for defendant.

WILKINS, Associate Chief Justice:

¶ 1 The State of Utah petitioned this court for a writ of certiorari to review the court of appeals' reversal of the district court's denial of defendant David Hittle's motion to withdraw his guilty plea. We reverse.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On April 7, 2000, David Hittle was charged with two counts of criminal nonsupport—one class A misdemeanor and one third degree felony—pursuant to Utah Code section 76-7-201. *See* Utah Code Ann. § 76-7-201 (2003). Thirteen days later, on April 20, Hittle entered into a plea bargain with the State in which he agreed to plead guilty to the class A misdemeanor in exchange for the dismissal of the third degree felony and the creation of a payment schedule to satisfy his outstanding child support obligations. During the plea colloquy, the district court informed Hittle that the entry of a guilty plea entailed the waiver of certain constitutional rights, and proceeded to enumerate those rights. However, in advising Hittle that he was waiving "the right to a speedy public trial before an impartial jury," as is required by rule 11(e)(3) of the Utah Rules of Criminal Procedure, the district court departed from the requirements of the rule by omitting the word "speedy." *See* Utah R.Crim. P. 11(e)(3). Furthermore, the word "speedy" was not included in the "Jury Trial" section of the accompanying plea affidavit signed by Hittle and incorporated into the record. Finally, no additional evidence indicates that Hittle was otherwise advised of his right to a "speedy" trial.

¶ 3 Nearly one month after the hearing, Hittle filed a motion to withdraw his guilty plea on grounds that his counsel provided ineffective assistance. After review, the district court denied the motion. Hittle then appealed to the court of appeals, where he argued for the first time that the district court's failure to inform him of his right to a "speedy" trial under rule 11(e)(3) rendered his subsequent guilty plea unknowing and involuntary.[1] *See State v. Hittle*, 2002 UT App 134, ¶ 1, 47 P.3d 101. The court of appeals agreed, holding that the district court's omission of the word "speedy" satisfied the three-part test for plain error. *Id.* at ¶¶ 6, 7, 9, 11. As such, it reversed the district court's denial of Hittle's motion to withdraw his guilty plea and remanded the case. *Id.* at ¶ 11. The State then petitioned this court for a writ of certiorari, which we granted.

## STANDARD OF REVIEW

¶ 4 "On certiorari, we review the decision of the court of appeals, not the decision of the trial court. In doing so, this court adopts the same standard of review used by the court of appeals: questions of law are reviewed for correctness, and the trial court's factual findings are reversed only if clearly erroneous." *State v. Harmon*, 910 P.2d 1196, 1199 (Utah 1995) (internal citation omitted). In the context of rule 11 colloquies, the "ultimate question of whether the trial court strictly complied with constitutional and procedural requirements for entry of a guilty plea is a question of law that is reviewed for correctness." *State v. Benvenuto*, 1999 UT 60, ¶ 10, 983 P.2d 556 (internal quotation omitted).

## ANALYSIS

¶ 5 In *State v. Dean*, also issued today, we held that the omission of the words "speedy" and "impartial" during a rule 11 plea colloquy did not meet the plain error standard, as the error was neither obvious nor harmful. *See Dean*, 2004 UT 63, ¶¶ 15-23, 95 P.3d 276. Because the facts of this case are nearly identical to those of *Dean*, the same reasoning applies. Consequently, we hold that the district court's failure to include the word "speedy" in its recitation of

---

1. In addition, Hittle asserted that the district court committed other rule 11 violations during the plea colloquy, and also renewed his initial claim of ineffective assistance of counsel. *Hittle*, 2002 UT App 134 at n. 1, 47 P.3d 101. However, since the court of appeals based its decision on the district court's omission of the word "speedy," it did not address Hittle's other challenges. *Id.*

Hittle's right to "a speedy public trial before an impartial jury" does not rise to the level of plain error.

## CONCLUSION

¶ 6 We reverse and remand to the court of appeals for resolution of Hittle's remaining rule 11 challenges and ineffective assistance of counsel claim. Reversed and remanded for further proceedings consistent with this opinion.

¶ 7 Chief Justice DURHAM, Justice PARRISH, Justice NEHRING, and Judge JUDKINS concur in Associate Chief Justice WILKINS' opinion.

¶ 8 Having disqualified himself, Justice DURRANT does not participate herein; District Judge CLINT S. JUDKINS sat.