2004 UT App 338

**STATE of Utah, Plaintiff and Appellee,**

v.

**Larry Niel BECKSTEAD, Defendant and Appellant.**

**No. 20030217–CA.**

Court of Appeals of Utah.

Sept. 30, 2004.

Randall W. Richards, Richards Caine & Allen, Ogden, for Appellant.

Mark L. Shurtleff, Attorney General and Marian Decker, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges DAVIS, JACKSON, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Larry Niel Beckstead pleaded guilty to one count of driving under the influence of alcohol with prior offenses, a third-degree felony pursuant to Utah Code section 41–6–44. *See* Utah Code Ann. § 41–6–44 (1998). Beckstead filed a timely motion to withdraw his guilty plea on the grounds that he was intoxicated when he entered the plea. The

trial court denied Beckstead's motion, and he appeals. We reverse.

## BACKGROUND

¶ 2 Beckstead entered his guilty plea on September 18, 2002. Pursuant to rule 11 of the Utah Rules of Criminal Procedure, the trial court conducted a colloquy with Beckstead. As a part of this colloquy, the trial court asked Beckstead if he was "under the influence of alcohol or drugs here today in court," to which Beckstead responded "no."

¶ 3 As the colloquy progressed, the prosecutor alerted the court that Beckstead had been drinking and following exchange occurred:

Prosecutor: [F]rankly, [Beckstead has] been drinking today and a, that concerns me.

Court: You say he has been drinking today?

Prosecutor: I can tell he's been drinking. I can smell it.

Court: I thought I just asked you Mr.—

Beckstead: Well, it was early this morning.

Court: Well, I just asked you if you had had anything to drink, any alcohol or drugs, and you said no.

Beckstead: I'm not under the influence, Your Honor.

Court: Okay. You're not under the influence of alcohol—

Beckstead: No (short inaudible, two speakers) this morning.

Court:—but you have been drinking.

Beckstead: I have a little bit of a back problem.

Court: Well, I do too but I don't drink to take care of it[.]

The court made no further inquiry as to Beckstead's potential intoxication and accepted his guilty plea. The court did, however, make two further references to Beckstead's "show[ing] up in my court drinking," and Beckstead's drinking also appeared to play a role in the court's decision to take Beckstead

into custody following his plea. As the court stated, "this is just too dangerous to leave you out with this kind of a situation."

¶ 4 Beckstead filed a timely motion to withdraw his guilty plea, alleging in part that he was intoxicated when he entered the plea.[1] The trial court held a hearing on Beckstead's motion, prior to which the court reviewed the videotape of Beckstead's plea hearing. Neither side presented evidence at the hearing, although Beckstead made a statement wherein he described his experience in custody following the plea hearing. Beckstead described an officer telling him that, based on twenty-five years of law enforcement experience, his opinion was that Beckstead was very intoxicated. Beckstead also stated that he believed he was going to be charged with public intoxication following the plea hearing. After listening to Beckstead's comments, the court made the following statement and findings:

[A]s I look at the tape, I don't see anything on the, the tape that suggests to me that you were impaired. And I didn't notice anything at the time we took the plea. I mean, I didn't see slurred speech, I didn't see wavering or, or having trouble standing up or talking at all. I mean, you seemed to understand all of the questions that I put to you and your answers appeared to be articulate and coherent. So I think the fact that maybe you had something to drink, I just don't think that that somehow impaired your ability to enter that plea on the, on the day that you did.

So I'm going to find that we satisfied [r]ule 11. I'm also going to find that the plea in this case was both voluntary and knowing. And you may have been drinking but I just don't think that you were under the influence of an alcohol to a degree that it rendered you incapable of understanding what was going on that day.

The court then denied Beckstead's motion to withdraw his plea. Beckstead appeals.

---

1. Beckstead has abandoned all other grounds for seeking withdrawal of his plea, and we do not address them here.

## ISSUE AND STANDARD OF REVIEW

¶5 Beckstead argues that he was under the influence of alcohol at the time he entered his plea; that the trial court failed to adequately ensure that his guilty plea was knowing and voluntary after the judge had notice of his alcohol consumption the morning of the plea hearing; and that the trial court erred in denying his subsequent motion to withdraw his plea. "We review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard." *State v. Blair*, 868 P.2d 802, 805 (Utah 1993). We apply a " ' "clearly erroneous" standard for the trial court's findings of fact made in conjunction with that decision.' " *State v. Benvenuto*, 1999 UT 60, ¶10, 983 P.2d 556 (quoting *State v. Holland*, 921 P.2d 430, 433 (Utah 1996)) (other citation omitted). However, "[i]n the context of rule 11 colloquies, the 'ultimate question of whether the trial court strictly complied with constitutional and procedural requirements for entry of a guilty plea is a question of law that is reviewed for correctness.' " *State v. Hittle*, 2004 UT 46, ¶4, 94 P.3d 268 (quoting *Benvenuto*, 1999 UT 60 at ¶10, 983 P.2d 556).

## ANALYSIS

¶6 The procedures for entering a guilty plea are set forth in rule 11 of the Utah Rules of Criminal Procedure. *See State v. Benvenuto*, 1999 UT 60, ¶11, 983 P.2d 556. " 'Rule 11(e) squarely places on trial courts the burden of ensuring that constitutional and [r]ule 11(e) requirements are complied with when a guilty plea is entered.' " *Id.* (quoting *State v. Gibbons*, 740 P.2d 1309, 1312 (Utah 1987)). "This 'strict compliance' rule requires the trial court to establish (1) that 'the defendant's guilty plea is truly knowing and voluntary,' and (2) that 'the defendant knowingly waived his or her constitutional rights and understood the elements of the crime.' " *Id.* (quoting *State v. Abeyta*, 852 P.2d 993, 995 (Utah 1993)).

¶7 Beckstead's appeal presents the issue of what steps a trial court must take to ensure that a plea is knowing and voluntary once the court has been placed on notice that a defendant has been drinking alcohol just prior to the plea hearing. In this case, the court relied on Beckstead's assertion that he was not under the influence of alcohol, as well as the apparent absence of outward signs of intoxication, to determine that his alcohol consumption did not affect the knowing and voluntary nature of Beckstead's plea. Under the circumstances of this case, we cannot agree that this was sufficient.

¶8 " '[M]ere general questions which ask whether a plea is "voluntary" are insufficient under [r]ule 11.' " *State v. Mills*, 898 P.2d 819, 824 (Utah Ct.App.1995) (quoting *State v. Valencia*, 776 P.2d 1332, 1335 (Utah Ct.App.1989)). Similarly, upon being placed on notice that Beckstead had been drinking, the trial court's reliance on Beckstead's general statement that he was "not under the influence" was insufficient to satisfy its rule 11 obligations to ensure that Beckstead had the capacity to knowingly and voluntarily enter a plea. This is particularly true in light of the well-known tendency of persons to understate their alcohol intake and level of intoxication to representatives of the justice system. *See, e.g., Roylance v. Davies*, 18 Utah 2d 395, 424 P.2d 142, 148 (Utah 1967) ("The defendant admits to a couple of drinks of whiskey. Hardly anyone ever admits to having taken more." (Crockett, C.J., dissenting)); *see also State v. East*, 743 P.2d 1211, 1211 (Utah 1987) (affirming driving under the influence conviction of driver who informed police that he had "had a couple of beers"); *Strange v. Ostlund*, 594 P.2d 877, 879 (Utah 1979) (finding fact question on defendant's intoxication despite his claim of only having had "two beers" three hours earlier).

¶9 Neither is it sufficient that Beckstead exhibited no outward signs of intoxication to the court at the hearing or on the videotape thereof. Beckstead pleaded guilty to one felony count of driving under the influence with prior convictions, and had another felony count of driving under the influence dismissed pursuant to his plea agreement. Further, Beckstead admitted that he had been drinking prior to the plea hearing, and the prosecutor could smell the alcohol. This record reflects, at a minimum, a person with some considerable experience with alco-

hol consumption, if not a substantial drinking problem. There is no shortage of cases demonstrating that people with alcohol problems are often capable of appearing to be sober when in fact they are not. *See, e.g., Burradell v. State,* 326 Ark. 182, 931 S.W.2d 100, 101 (1996) (involving a defendant who appeared at his plea hearing smelling of alcohol and registering a .13 on a portable breath test but otherwise "display[ing] no outward signs of intoxication"); *Cole v. State,* 493 So.2d 1333, 1335 (Miss.1986) (finding no probable cause for blood test revealing a blood-alcohol level of .246 because "[n]o aspect of Cole's speech, appearance or behavior in any way indicated that he was under the influence of alcohol"). Accordingly, in light of the trial court's awareness of Beckstead's recent drinking and criminal history involving alcohol, it was insufficient to rely primarily on Beckstead's outward appearance to determine that he was capable of entering his plea.

¶ 10 " 'What is at stake for an accused facing [punishment] demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence.' " *State v. Gibbons,* 740 P.2d 1309, 1312 (Utah 1987) (quoting *Boykin v. Alabama,* 395 U.S. 238, 243–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). While a trial court is not ordinarily required to inquire beyond a defendant's denial of drug or alcohol use, such a duty does arise upon the court's becoming aware that a defendant has been drinking prior to the hearing or may otherwise be impaired. Here, the trial court was advised that Beckstead had been drinking, and Beckstead admitted as much, yet the court made no inquiry into the amount of alcohol that Beckstead had consumed or the amount of time that had elapsed since his last drink.[2] These inquiries represent the *minimum* inquiry necessary to quantify the defendant's state of inebriation and create an informed opinion as to the defendant's capacity to enter a plea. Without such supporting facts, the trial court's finding that Beckstead had the capacity to enter a knowing and voluntary plea lacks a sufficient basis.

¶ 11 We conclude that the trial court's knowledge that Beckstead had been drinking prior to the hearing triggered a duty of further inquiry to strictly comply with rule 11. Neither Beckstead's self-evaluation that he was not intoxicated nor his outward appearance of sobriety was sufficient to satisfy the court's obligation to ensure that Beckstead's plea to this felony offense was knowing and voluntary.[3] Under these circumstances, the trial court did not strictly comply with its rule 11 obligations, and should have allowed Beckstead to withdraw his plea.

## CONCLUSION

¶ 12 The trial court was on notice that Beckstead had been drinking prior to his plea hearing, but took no steps to determine his level of intoxication or otherwise establish that Beckstead's guilty plea, and its accompanying waiver of constitutional rights, was truly knowing. Under these circumstances, there was an inadequate factual basis upon which the trial court could conclude that Beckstead was sufficiently sober to enter a knowing plea, and the court erred when it denied Beckstead's motion to withdraw his plea. We reverse the trial court's decision and remand this matter for further proceedings.

¶ 13 I CONCUR: NORMAN H. JACKSON, Judge.

---

2. Recognizing, as we have, that a defendant's statements about his or her alcohol consumption may not be reliable, we do not intend this opinion to limit a trial court's ability to employ other means to ensure a defendant's capacity in the appropriate circumstances.

3. A trial court's obligations flowing from rule 11 are designed to assure fairness and protect defendants, including those who choose to consume alcohol before a court appearance or even attempt to mislead the court about that alcohol consumption. We note, however, that at least one other jurisdiction has found such behavior to be grounds for exercise of the court's contempt powers. *See Burradell v. State,* 326 Ark. 182, 931 S.W.2d 100, 103 (1996).

DAVIS, Judge (dissenting):

¶ 14 I respectfully dissent. Although Defendant argues that the trial court failed to satisfy the requirements of rule 11 of the Utah Rules of Criminal Procedure when it accepted his guilty plea, Defendant's appeal is in essence a collateral challenge to the trial court's entire rule 11 colloquy and its later factual finding that Defendant was not intoxicated at the time he entered his plea.

¶ 15 The primary purpose of rule 11(e) "is to insure that when a defendant enters a guilty plea and thereby waives important constitutional rights, ... he or she acts freely and voluntarily, with full knowledge of the consequences of the plea." *State v. Gamblin,* 2000 UT 44, ¶ 11, 1 P.3d 1108 (quotations and citation omitted). Moreover, "[s]trict compliance with rule 11(e) creates a presumption that the plea was voluntarily entered." *Id.*

¶ 16 The trial court clearly complied with the explicit requirements of rule 11(e) when it conducted a complete plea colloquy and accepted Defendant's plea.[1] By conducting a complete rule 11 colloquy, the court was able to evaluate Defendant's responses and observe his demeanor prior to accepting his plea. In addition to the dialogue from the plea hearing included in the majority opinion, the following colloquy took place before the trial court accepted Defendant's plea:

Court: All right. Now, anything else we need to cover before we take the plea, Mr. Beckstead?

Defendant: I just want to have time to get them [sic] animals and find somebody to take care of them. I'd appreciate that.

Court: Well, I'm not going to make you a guarantee. Okay? Would that make a difference?

Defendant: Well—

Court: On the plea?

Defendant: Not really.

Court: All right.

Defendant: I am (short inaudible, away from mic)

Court: All right. To the charge—

Defendant:—(short inaudible, no mic) cows. I don't have anybody to, to take care of them. I just need to get somebody up to take care of them. That's all, that's all I'm worried about is the cattle.

Court: All right. To the charge then of driving under the influence of alcohol on June 22nd of this year, how do you plead?

Defendant: Guilty.

Court: All right. I'll accept that plea.

This extended exchange between the trial court and Defendant gave the court further opportunity to determine whether Defendant was able to enter a knowing plea.

¶ 17 At the hearing on the motion to withdraw, the court was able to review a tape of the plea hearing and compare Defendant's demeanor at that hearing to his demeanor at the motion hearing. After reviewing the tape, the court found that Defendant was not intoxicated when he entered his plea and that his plea was both voluntary and knowing.

¶ 18 Because the trial court clearly complied with the requirements of rule 11, Defendant is essentially left with the claim that the trial court's finding that Defendant was not intoxicated is erroneous. This court will "not overturn factual findings supporting a denial of a motion to withdraw unless they are clearly erroneous." *State v. Benvenuto,* 1999 UT 60, ¶ 13, 983 P.2d 556. Defendant has not properly challenged the court's findings; even if he had, the findings are not clearly erroneous. The evidence[2] in the record supports the trial court's finding that Defendant was not intoxicated, and the trial court's findings support its decision to deny Defendant's motion to withdraw his plea.

¶ 19 The majority makes much of the fact that the trial court was on notice that Defendant had consumed alcohol prior to the hear-

---

1. In his opening brief, Defendant acknowledges that the trial court went through a complete plea colloquy pursuant to rule 11 of the Utah Rules of Criminal Procedure.

2. As the majority noted, the trial judge reviewed a tape of Defendant's plea and stated, "I didn't see slurred speech, I didn't see wavering or, or having trouble standing up or talking at all. I mean, [he] seemed to understand all of the questions that I put to [him] and [his] answers appeared to be articulate and coherent."

ing; therefore, according to the majority, the trial court had a heightened responsibility to inquire further into Defendant's sobriety. Instead of adding new requirements to the rule 11 procedure, this court should give due deference to a trial judge's ability to appraise demeanor evidence. *See State v. Hollen,* 2002 UT 35, ¶ 64, 44 P.3d 794.

¶ 20 Rather than defer to the trial court's firsthand observation of Defendant's conduct, the majority, without authority, would graft additional requirements into the rule 11 colloquy when a trial court is on notice that a defendant has been drinking alcohol prior to a plea hearing. The majority, however, fails to define what those requirements would be or to explain why they would be appropriate. For example, the majority declares that at a minimum, the trial court should have inquired into the amount of alcohol that Defendant had consumed or the amount of time that had elapsed since the alcohol consumption. However, at the same time the majority opinion recognizes "the well-known tendency of persons to understate their alcohol intake and level of intoxication when asked by representatives of the justice system." Even if there were some basis for this assertion, it supports the notion that further inquiry into Defendant's sobriety, against the backdrop of a thorough rule 11 colloquy, would have revealed little.

¶ 21 According to the majority, neither Defendant's self-evaluation that he was not intoxicated nor his outward appearance of sobriety was sufficient to satisfy the trial court's obligation to ensure that Defendant's plea was knowing and voluntary. In concluding that the trial court lacked an adequate factual basis to determine that Defendant was not intoxicated, the majority points out that the court "took no steps to determine [Defendant's] level of intoxication." The majority, however, fails to demonstrate a legal relationship between the amount of alcohol consumed by a defendant and his ability to make a knowing and voluntary plea. Even if a blood-alcohol level were available, the majority's standard does not demonstrate how a trial court, without relying on observation, could determine when a defendant is so in-

toxicated that he cannot make a knowing and voluntary plea.

¶ 22 I conclude that the trial court strictly complied with rule 11 and that it is inappropriate for this court to add new and undefined requirements to the rule 11 plea colloquy. Therefore, I would affirm the trial court's denial of Defendant's motion to withdraw his guilty plea.