2004 UT 42

**Ronnie Lee GARDNER, Plaintiff and Appellant,**

v.

**Hank GALETKA, Warden of the Utah State Prison, Defendant and Appellee.**

**No. 20010875.**

Supreme Court of Utah.

May 28, 2004.

Rehearing Denied May 26, 2004.

James C. Bradshaw, Salt Lake City, and Andrew Parnes, Ketchum, ID, for plaintiff.

Mark L. Shurtleff, Att'y Gen., Thomas B. Brunker, Asst. Att'y Gen., Salt Lake City, for defendant.

## AMENDED OPINION

WILKINS, Justice:

¶ 1 Plaintiff Ronnie Lee Gardner appeals the district court's dismissal of his second petition for post-conviction relief. We affirm, holding that Gardner's claim is procedurally barred by the Post–Conviction Remedies Act (the "PCRA" or the "Act"). *See* Utah Code Ann. §§ 78–35a–101 to –106 (2002).

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 For a complete recitation of the underlying facts of this case, see *Gardner v. Holden,* 888 P.2d 608, 612–13 (Utah 1994) (*Gardner II* ). In October 1985, Gardner was convicted of first degree murder, attempted first degree murder, aggravated kidnapping, escape, and possession of a dangerous weapon by an incarcerated person.

At the close of the evidence, the district court instructed the jury on the requisite elements of first degree murder. In its instruction, the district court noted that the jury could only find Gardner guilty of this offense if it concluded beyond a reasonable doubt that he committed an "intentional" or "knowing" killing.

¶ 3 However, in its separate mens rea instruction, the district court misdefined the term "knowingly." In pertinent part, the erroneous instruction reads as follows:

A person engages in conduct:

. . . .

2. "Knowingly" when he is aware of the nature of his conduct, or the existing circumstances, *or* is aware that his conduct is reasonably certain to cause the result.

(Emphasis added.) [1] Although Gardner's defense counsel had previously submitted an alternative definition of "knowingly," neither of his attorneys objected to the district court's instruction. As stated above, the jury convicted Gardner of first degree murder and, after a separate penalty hearing, sentenced him to death.

¶ 4 On direct appeal, Gardner raised eighteen challenges to his conviction and sentence, including two separate claims of instructional error—neither of which pertained to the "knowingly" instruction. In *State v. Gardner,* this court affirmed his conviction and death sentence. 789 P.2d 273, 288 (Utah 1989) (*Gardner I* ). One year later, in 1990, Gardner filed his first post-conviction petition in the district court and alleged sixteen grounds for relief, including ineffective assistance of both trial and appellate counsel. With respect to his ineffective assistance of trial counsel claim, Gardner identified sixteen specific acts or omissions, but did not include any challenge to the "knowingly" instruction. Regarding his ineffective assistance of appellate counsel claim, Gardner alleged nine errors in his representation. Again, however, he raised no objection to the correctness of

---

**1.** The instructional flaw stems from the use of the word "or" instead of "and." As a result, the jury could have convicted Gardner of first degree murder by finding only that he was aware of the nature of his conduct (firing a loaded handgun

into his victim's face from a short distance away) without also determining, as required by law, that he was "reasonably certain" that his actions would cause death.

the "knowingly" instruction. Although the district court initially ruled that Gardner was entitled to a new penalty hearing and direct appeal, this court reversed and reaffirmed his conviction and capital sentence. *Gardner II,* 888 P.2d at 611, 623.

¶ 5 In January 1997, Gardner filed a petition for writ of habeas corpus in the United States District Court for the District of Utah. In the federal petition, he presented twenty-two challenges to his conviction and sentence, including ineffective assistance of trial and appellate counsel, but omitted for the third time any claim related to the "knowingly" instruction. It was not until August 1999, over two years into the federal proceeding, that Gardner first argued that his appellate counsel performed deficiently by failing to attack the "knowingly" instruction. After accepting written submissions and hearing argument, the federal district court declined to determine whether this new claim was procedurally barred under Utah law. Instead, it directed Gardner to file a second post-conviction petition in state court to exhaust the claim, allowed him to amend his federal habeas corpus petition to include the claim, and agreed to hold that portion of the federal petition in abeyance pending state court resolution.

¶ 6 Upon the filing of Gardner's second post-conviction petition, the State moved for summary judgment on grounds of procedural bar. Specifically, the State argued that the Post–Conviction Remedies Act precluded Gardner from asserting a new claim of ineffective assistance of appellate counsel because a challenge to the "knowingly" instruction "could have been, but was not, raised in a previous request for post-conviction relief." Utah Code Ann. § 78–35a–106(1)(d) (2002). The district court denied the State's motion, ruling that the PCRA incorporated the pre-Act common law procedural bar rules and that, pursuant to those rules, Gardner had demonstrated sufficient "good cause" to justify substantive review of his claim. The State then moved for summary judgment on the merits. Applying *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the district court concluded that Gardner could not establish a reasonable probability that, but for his counsel's failure to challenge the erroneous "knowingly" instruction, the outcome on direct appeal would have been different. As such, the district court found that Gardner had not demonstrated prejudice and granted the State's motion. Gardner now appeals.

## STANDARD OF REVIEW

¶ 7 "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Rudolph v. Galetka,* 2002 UT 7, ¶ 4, 43 P.3d 467.

## ANALYSIS

¶ 8 Although the district court granted the State's motion for summary judgment on the merits, we note that this court may affirm the denial of Gardner's petition for post-conviction relief on the alternative ground that his claim is procedurally barred. *See Bailey v. Bayles,* 2002 UT 58, ¶ 10, 52 P.3d 1158 ("It is well settled that an appellate court may affirm the judgment appealed from 'if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action ....' " (quoting *Dipoma v. McPhie,* 2001 UT 61, ¶ 18, 29 P.3d 1225) (further citation omitted)). In accordance with this prerogative, we hold that Gardner's ineffective assistance of appellate counsel claim is foreclosed by the Post–Conviction Remedies Act. *See* Utah Code Ann. §§ 78–35a–101 to –106 (2002).

### I. POST–CONVICTION REMEDIES ACT

¶ 9 In 1996, the legislature enacted the PCRA to "establish[ ] a substantive legal remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies." *Id.* § 78–35a–102(1). By the plain language of section 78–35a–106, the Act purports to replace our common law post-conviction procedural bar jurisprudence with a statutory restriction on successive claims.

*Id.* § 78–35a–106. Of particular importance in the instant case, the PCRA mandates that:

> (1) A person is not eligible for relief under this chapter upon any ground that:
>
> . . . .
>
> (d) was raised or addressed in any previous request for post-conviction relief or *could have been, but was not,* raised in a previous request for post-conviction relief.

*Id.* § 78–35a–106(1)(d) (emphasis added).[2]

**■** ¶ 10 Citing this section, the State asserts that Gardner's current post-conviction petition is precluded because his ineffective assistance of appellate counsel claim could have been, but was not, brought in his first post-conviction proceeding. The State emphasizes that the erroneous "knowingly" instruction became part of the record in 1985, and that the information Gardner relies on to support his present claim was available to him when he filed his initial post-conviction petition in 1990. Thus, the State contends that the PCRA bars Gardner's claim.

¶ 11 In response, Gardner argues that the district court correctly incorporated the pre–1996 common law post-conviction procedural bar rules into the Act. Prior to the enactment of the PCRA, our case law permitted merits review of claims raised for the first time in successive post-conviction proceedings upon a showing of "good cause." *See Hurst v. Cook,* 777 P.2d 1029, 1036–37 (Utah 1989). In *Hurst,* this court articulated five factors that constitute sufficient "good cause" to allow the filing of successive post-conviction petitions. *Id.* at 1037. Those factors are:

> (1) the denial of a constitutional right pursuant to new law that is, or might be, retroactive[;] (2) new facts not previously known which would show the denial of a constitutional right or might change the outcome of the trial[;] (3) the existence of fundamental unfairness in a conviction[;] (4) the illegality of a sentence[;] or (5) a

claim overlooked in good faith with no intent to delay or abuse the writ.

*Id.* (citations and footnotes omitted).

¶ 12 As noted above, the district court first determined that the Act inherently includes the common law procedural bar rules, and then found that Gardner established "good cause" under the third and fifth *Hurst* factors; namely, "the existence of fundamental unfairness in a conviction" and "a claim overlooked in good faith with no intent to delay or abuse the writ." *Id.* We disagree with the district court's wholesale integration of the *Hurst* factors into the PCRA, and hold that Gardner's ineffective assistance of appellate counsel claim is procedurally barred by the plain language of the Act.

¶ 13 A straightforward application of section 78–35a–106(1)(d) to the facts of this case supports this conclusion. Because the present petition was filed on May 12, 2000, nearly four years after the Act's effective date of July 1, 1996, the PCRA controls. A thorough examination of Gardner's first post-conviction petition, filed in 1990, reveals sixteen separate challenges to his conviction and sentence, including sixteen alleged errors committed by trial counsel and nine alleged defects in appellate counsel's representation. Yet, despite the undisputed presence of the erroneous "knowingly" instruction in the record, Gardner made no reference to it in his extensive list of claims. Indeed, Gardner first questioned the correctness of the "knowingly" instruction nearly fourteen years after his 1985 conviction, after omitting it entirely from his direct appeal, his first post-conviction petition, and his original federal habeas corpus petition. Therefore, section 78–35a–106(1)(d) of the Act bars merits review of Gardner's claim, since his assertion of ineffective assistance of appellate counsel based upon their failure to challenge the "knowingly" instruction *"could have been, but was not,* raised in a previous request for post-conviction relief." Utah Code Ann. § 78–35a–106(1)(d) (emphasis added).[3]

---

**2.** A partial survey reveals that the Act's preclusion provision is similar to the majority of post-conviction statutes from other jurisdictions. *See, e.g.,* Alaska Stat. § 12.72.020 (2003); Ariz. R.Crim. P. 32.2; Ark. R.Crim. P. 37.2; Del. R.Crim. P. 61; Ga.Code Ann. § 9–14–51 (2002); Haw. R. Penal P. 40; Idaho Code § 19–2719 (2003); Kan. Stat. Ann. § 60–1507 (2003); Okla.

Stat. tit. 22, § 1086 (2003); 42 Pa. Cons.Stat. § 9543 (2003); Wis. Stat. § 974.06 (2003); Wyo. Stat. Ann. § 7–14–103 (2003).

**3.** Although we decide this case solely on procedural bar grounds and do not reach the merits, we note that Gardner would face a difficult task in persuading this court that he knowingly fired

## II. COMMON LAW PROCEDURAL BAR RULES [4]

¶ 14 With the 1996 passage of the PCRA, only two of the five "good cause" factors enumerated in *Hurst* remain uncodified. The Act impliedly includes the first *Hurst* factor, "the denial of a constitutional right pursuant to [retroactive] new law," since a claim predicated on fresh jurisprudence could clearly not have been raised in a prior post-conviction petition. 777 P.2d at 1037; *see* Utah Code Ann. § 78–35a–106(1)(d). Likewise, the Act also provides for relief on the basis of "newly discovered material evidence," thereby incorporating the second *Hurst* factor. *See id.* § 78–35a–104(1)(e). Finally, the fourth *Hurst* factor is codified in Utah Rule of Criminal Procedure 22(e), which empowers the court to "correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Consequently, the only *Hurst* default exceptions that have not been addressed by the legislature are "the existence of fundamental unfairness in a conviction" and "a claim overlooked in good faith with no intent to delay or abuse the writ." 777 P.2d at 1037.

¶ 15 As an initial matter, we emphasize that, despite the statutory enactment of the majority of the *Hurst* factors, all five common law exceptions retain their independent constitutional significance and may be examined by this court in our review of post-conviction petitions. However, given that the PCRA and rule 22(e) of the Utah Rules of Criminal Procedure effectively embody the *Hurst* exceptions pertaining to retroactive new law, newly-discovered evidence, and illegal sentences, we will typically defer to the legislature unless these fundamental safeguards are repealed or otherwise restricted.

¶ 16 With respect to the third and fifth *Hurst* factors—"the existence of fundamental unfairness in a conviction" and "a claim overlooked in good faith with no intent

to delay or abuse the writ"—we need not reach the question of their application to Gardner's claim. It is absurd to suggest that any reasonable juror could find that Gardner was aware that he was firing a loaded handgun into his victim's face from a short distance away, *but was not* reasonably certain that his action would cause death. In order to reach analysis under the *Hurst* factors, a claim must be facially plausible. Gardner's is not, so we do not reach such an analysis. The plain language of section 78–35a–106(1)(d) renders Gardner's claim procedurally barred and we need not further examine whether the third and fifth *Hurst* factors apply.

¶ 17 Consequently, to the degree that the PCRA purports to erect an *absolute* bar to this court's consideration of successive post-conviction petitions, it suffers from constitutional infirmities. As we noted in *Hurst,* the power to review post-conviction petitions "[q]uintessentially . . . belongs to the judicial branch of government" pursuant to article VIII of the Utah Constitution. 777 P.2d at 1033; *see* Utah Const. art. VIII, § 3 ("The Supreme Court shall have original jurisdiction to issue all extraordinary writs and . . . power to issue all writs and orders necessary for the exercise of the Supreme Court's jurisdiction or the complete determination of any cause."). As such, "the legislature may not impose restrictions which limit [post-conviction relief] as a judicial rule of procedure, except as provided in the constitution." *Julian v. State,* 966 P.2d 249, 253 (Utah 1998).

¶ 18 While we do not disagree with the legislature's enactment of the PCRA—which, of course, embodies the popular will—and generally afford deference to its decisions, we nevertheless will continue to exercise our constitutionally vested authority where appropriate. Our state constitution is designed to prevent the unlawful, improper incarceration or execution of innocent individuals and, for that reason, we uphold the continued

---

a loaded handgun into the face of his victim from approximately one foot away but was not aware that his conduct was "reasonably certain" to cause death.

4. Although the federal district court has not certified the question, the State nevertheless urges

us to determine whether the common law procedural bar rules in effect in 1990, when Gardner failed to challenge the "knowingly" instruction in his first post-conviction proceeding, would preclude his current ineffective assistance of appellate counsel claim. We decline this invitation.

viability of the *Hurst* "good cause" exceptions. Under appropriate circumstances we will fulfill our duty to carefully consider the issues presented. By preserving the "good cause" exceptions we imply no lack of deference to the legislature, but rather recognize, and emphasize, our solemn responsibility to safeguard "one of the most important of all judicial tools for the protection of individual liberty." *Hurst*, 777 P.2d at 1034.

## CONCLUSION

¶ 19 We affirm the decision of the district court, although on different grounds. We hold that Gardner's ineffective assistance of appellate counsel claim, premised upon his attorneys' failure to challenge the "knowingly" instruction and brought for the first time in a second post-conviction petition, is procedurally barred by the plain language of section 78–35a–106(1)(d) of the Post–Conviction Remedies Act since it could have been, but was not, raised in his original post-conviction proceeding. Affirmed.

¶ 20 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.