2006 UT App 141

**Tammy BLUEMEL, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

**No. 20050208–CA.**

Court of Appeals of Utah.

April 13, 2006.

Rehearing Denied May 25, 2006.

---

Jack M. Morgan and Benjamin A. Hamilton, Skordas Caston & Morgan, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Brett J. DelPorto, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BENCH, P.J., McHUGH and ORME, JJ.

## OPINION

BENCH, Presiding Judge:

¶ 1 Tammy Bluemel appeals the dismissal of her petition for post-conviction relief. The trial court concluded that the petition was untimely filed and did not constitute an interests-of-justice exception under the Post–Conviction Remedies Act (PCRA). *See* Utah Code Ann. § 78–35a–107 (Supp.2005). We reverse and remand for further proceedings.

## BACKGROUND

¶ 2 Between October 1998 and April 1999, Bluemel allegedly engaged in sexual intercourse with her fourteen-year-old foster son on several occasions and, in one instance, gave him alcohol. Bluemel was charged with seven counts of rape, all first degree felonies, *see* Utah Code Ann. § 76–5–402 (2003), and one count of supplying alcohol to a minor, a class A misdemeanor, *see* Utah Code Ann. § 32A–12–203 (2003).

¶ 3 With the assistance of her trial counsel, Bluemel negotiated a plea agreement, which was reduced to writing as a plea statement. The plea statement indicated that Bluemel agreed to plead guilty to three counts of rape and one count of supplying alcohol to a minor, while the State agreed to dismiss the other four counts of rape. The plea statement referenced the consequences of entering a guilty plea and discussed basic constitutional rights, such as the right to a jury trial, the right to presumption of innocence, and the State's burden of proof. The plea statement also declared that Bluemel waived these constitutional rights and that she voluntarily entered her pleas. Further, the plea statement indicated that Bluemel read and understood the plea statement, that she

was "not under the influence of any drugs, medication, or intoxicants," and that she "knowingly, intelligently, and voluntarily enter[ed]" her pleas.

¶4 During her arraignment, the trial court[1] informed Bluemel that "[b]efore I can accept your pleas, you have certain [c]onstitutional [r]ights that you need to waive. They are talked about in that statement in advance of plea. Do you have any questions about the statement?" Bluemel indicated that she did not have any questions about the plea statement. The trial court went on to ask Bluemel if she understood her constitutional rights and that she would be waiving them. Bluemel responded affirmatively. The trial court then informed Bluemel "that if you wish to withdraw these pleas you need to make a motion in writing to do that within [thirty] days of sentencing" and that the court "would not automatically grant that motion." Bluemel acknowledged that she understood. The trial court then stated, "[s]o if you do intend to plea, then let's have you sign the [plea] statement." Bluemel, her attorney, the prosecutor, and the trial judge all signed the plea statement. Bluemel then verbally entered on the record her guilty pleas to three counts of rape and one count of supplying alcohol to a minor. The trial court accepted the pleas and found that "Bluemel ha[d] knowingly and voluntarily entered her pleas."

¶5 On March 27, 2002, Bluemel was sentenced to three indeterminate terms of not less than five years to life and one indeterminate term not to exceed one year, all of which would run concurrently. Bluemel was immediately taken into custody and remains incarcerated.

¶6 Immediately following her sentencing, Bluemel allegedly informed her trial counsel that she wanted to appeal. Her trial counsel allegedly advised Bluemel that he would handle her appeal and informed her that she had one year to file her appeal. During her first year in prison, her trial counsel allegedly visited her three times and continually informed her that he was still working on her

appeal. Bluemel later attempted to contact her trial counsel concerning the status of her appeal, but he refused to respond to her communications. After one year, Bluemel sought other legal counsel and hired her current counsel in October 2003. After meeting with Bluemel and reviewing the matter, her current counsel filed the petition on May 3, 2004, over two years after her sentencing date. The State moved for dismissal of the petition because it was untimely and did not qualify under the interests-of-justice exception. The trial court dismissed Bluemel's petition and now she appeals the dismissal.

## ISSUES AND STANDARD OF REVIEW

¶7 Bluemel argues that the trial court erred in dismissing her petition for post-conviction relief as untimely because her circumstances come within the interests-of-justice exception under the PCRA. *See* Utah Code Ann. § 78-35a-107. Bluemel asserts that she did not enter knowing and voluntary pleas and received ineffective assistance of counsel, either of which warrants post-conviction relief. Dismissal of a petition for post-conviction relief is reviewed " 'for correctness without deference to the [trial] court's conclusions of law.' " *Gardner v. Galetka,* 2004 UT 42,¶7, 94 P.3d 263 (quoting *Rudolph v. Galetka,* 2002 UT 7,¶4, 43 P.3d 467).

## ANALYSIS

¶8 "[T]he legislature enacted the PCRA to 'establish[ ] a substantive legal remedy for any person who challenges a conviction or sentence for a criminal offense.' " *Id.* at ¶9 (second alteration in original) (quoting Utah Code Ann. § 78-35a-102(1) (2002)). Under the PCRA, a person may file a petition for post-conviction relief within one year after "the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken." Utah Code Ann. § 78-35a-107(2)(a). However, an untimely filing may be excused "[i]f the court finds that the

---

1. Judge Guy R. Burningham, who has since retired, presided over Bluemel's arraignment in 2001. Later, in 2005, Judge James R. Taylor

presided over and dismissed Bluemel's petition for post-conviction relief. For ease of reference, we refer to both judges as "the trial court."

interests of justice [so] require." *Id.* § 78–35a–107(3).

¶ 9 Bluemel argues that her circumstances in this matter fit within the PCRA's interests-of-justice exception, and that her petition should not have been dismissed. Bluemel claims the exception should be recognized here because (1) she did not enter knowing and voluntary pleas and (2) she received ineffective assistance of counsel throughout the course of the trial court proceedings. In support of her claim that she did not enter knowing and voluntary pleas, Bluemel argues that the trial court failed to strictly comply with rule 11 of the Utah Rules of Criminal Procedure. *See* Utah R.Crim. P. 11.[2]

¶ 10 "The procedures for entering a guilty plea are set forth in rule 11 of the Utah Rules of Criminal Procedure." *State v. Benvenuto,* 1999 UT 60,¶ 11, 983 P.2d 556; *see also* Utah R.Crim. P. 11. "The plea-taking proceedings [in rule 11] are intended to insure that a defendant who pleads guilty knowingly and voluntarily waives the protections the constitution guarantees him or her prior to a trial verdict." *State v. Stilling,* 856 P.2d 666, 671 (Utah Ct.App.1993). "A guilty plea must be knowingly and voluntarily made in order to protect a defendant's due process rights." *Id.* "It is well established under Utah law that we will presume harm ... when a trial court fails to inform a defendant of his constitutional rights under rule 11." *State v. Mora,* 2003 UT App 117,¶ 22, 69 P.3d 838 (omission in original) (citation and quotations omitted). "We presume harm because, by not knowing which rights a defendant is waiving, the defendant cannot make a fully informed decision." *Id.* (citation and quotations omitted). "If the defendant is not fully informed of his rights prior to pleading guilty, then the guilty plea cannot be voluntary. We cannot accept an involuntary guilty plea and still claim to have done justice." *Id.* (citation and quotations omitted).

¶ 11 Under Utah law, the trial court bears the burden of ensuring strict compliance with rule 11. *See State v. Gib-*bons, 740 P.2d 1309, 1312–13 (Utah 1987), *appeal after remand on other grounds,* 779 P.2d 1133 (Utah 1989). "This means 'that the trial court [must] personally establish that the defendant's guilty plea is truly knowing and voluntary and establish on the record that the defendant knowingly waived his or her constitutional rights.' " *State v. Visser,* 2000 UT 88,¶ 11, 22 P.3d 1242 (alteration in original) (quoting *State v. Abeyta,* 852 P.2d 993, 995 (Utah 1993)). Although the trial court has "a duty of 'strict' compliance" with rule 11, strict compliance "does not mandate a particular script or rote recitation of the rights listed." *Id.* In *Visser,* the Utah Supreme Court "reemphasize[d] that the substantive goal of rule 11 is to ensure that defendants know of their rights and thereby understand the basic consequences of their decision to plead guilty. That goal should not be overshadowed or undermined by formalistic ritual." *Id.*

¶ 12 Rule 11(e) identifies specific rights and factors of which the trial court must inform the defendant. *See* Utah R.Crim. P. 11(e). These include, among other things, that the plea is voluntary, the right to presumption of innocence, the right to counsel, the right against compulsory self-incrimination, the right to a speedy trial before a jury, the right to confront and cross-examine witnesses, and that the defendant waives these rights. *See id.* Rule 11(e) also requires that the "defendant understand[ ] the nature and elements of the offense to which the plea is entered, that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt, and that the plea is an admission of all those elements." *Id.*

¶ 13 In determining whether a defendant is informed of his or her rights, properly understands them, and voluntarily waives them, the trial court must engage in a plea colloquy with the defendant. *See id.* Rule 11 provides two avenues whereby the trial court may properly engage in a plea colloquy. The trial court may (1) verbally

---

2. Because our decision that the trial court did not strictly comply with rule 11 by failing to inform Bluemel of certain constitutional rights is dispositive, we need not address her claim of ineffective assistance of counsel nor Bluemel's argument concerning the influence of prescription medications, which allegedly prevented her from sufficiently understanding her plea.

question the defendant on the record regarding each of the factors and rights described in rule 11(e) or (2) receive a written plea statement from the defendant regarding each of the rights and factors. *See id.* The plea statement is "used to promote efficiency during a plea colloquy." *Mora,* 2003 UT App 117 at ¶ 19, 69 P.3d 838. "However, [a plea statement] should be only the starting point, not an end point, in the pleading process." *Id.* (citation and quotations omitted). "It is critical ... that strict [r]ule 11 compliance be demonstrated on the record at the time the guilty ... plea is entered. Therefore, if [a plea statement] is used to aid [r]ule 11 compliance, it must be addressed during the plea hearing." *Id.* (first omission, and first and third alterations in original) (citations and quotations omitted).

¶ 14 "The trial court must conduct an inquiry to establish that the defendant understands the [plea statement] and voluntarily signed it." *Id.* (citation and quotations omitted); *see also State v. Maguire,* 830 P.2d 216, 217 (Utah 1991) (holding a plea statement is "properly incorporated in the record" when "the trial judge ascertains in the plea colloquy that the defendant has read, has understood, and acknowledges all the information contained therein"), *appeal after remand,* 924 P.2d 904 (Utah Ct.App.1996), *rev'd on other grounds,* 957 P.2d 598 (Utah 1998). At that time, "omissions or ambiguities in the [statement] must be clarified during the plea hearing, as must any uncertainties raised in the course of the plea colloquy." *State v. Smith,* 812 P.2d 470, 477 (Utah Ct. App.1991). Thus, "the efficiency-promoting function of the [plea statement] is thereby served, in that the court need not repeat, verbatim, rule 11 inquiries that are clearly posed and answered in the [statement], unless rule 11 by its terms specifically requires such repetition." *Id.*

¶ 15 In this case, the plea statement was not properly incorporated into the record. During the plea colloquy concerning her statement, the trial court asked Bluemel only if she had "any questions about the statement." Bluemel responded that she did not and was directed by the trial court to sign the statement. However, the trial court

never asked Bluemel if she actually read, understood, and acknowledged her plea statement. *See Maguire,* 830 P.2d at 217. Nor did the trial court make any other similar inquiry. We conclude that this was a critical error. As a result, "the [statement] was not properly incorporated into the record, and we may not consider it when determining whether the record establishes that the trial court strictly complied with rule 11." *State v. Mora,* 2003 UT App 117, ¶ 20, 69 P.3d 838.

¶ 16 In reviewing the plea colloquy (exclusive of the plea statement) in this matter, the trial court failed to inform Bluemel of all of the rule 11(e) factors and rights. *See* Utah R.Crim. P. 11(e). Specifically, the trial court failed to inform Bluemel of her "right to the presumption of innocence," that the State carried the burden of proving her guilty "beyond a reasonable doubt," that her "plea is an admission of all those elements," and that she had the "right to compel the attendance of defense witnesses." Utah R.Crim. P. 11(e)(3), (4)(A). As a result, the trial court erred by not fully complying with rule 11 in this matter.

¶ 17 Additionally, because noncompliance with rule 11 infringes on the constitutional rights of the accused, *see State v. Stilling,* 856 P.2d 666, 671 (Utah Ct.App. 1993), we conclude that noncompliance with rule 11 readily falls within the interests-of-justice exception under the PCRA, *see* Utah Code Ann. § 78–35a–107(3). As a result, the trial court erred by dismissing Bluemel's petition for post-conviction relief.

## CONCLUSION

¶ 18 We conclude that the plea statement was not properly incorporated into the record and that the trial court did not sufficiently conduct a rule 11 colloquy with Bluemel. As a result, Bluemel's circumstances qualified under the interests-of-justice exception to the PCRA and the trial court erred by dismissing her petition. We therefore reverse and remand for further proceedings consistent with this opinion.

¶ 19 WE CONCUR:  CAROLYN B. McHUGH and GREGORY K. ORME, Judges.