2007 UT App 26

**Justin Brent PETERSON, Petitioner and Appellant,**

v.

**Sheriff Aaron D. KENNARD, Chief Paul Cunningham, Salt Lake County Jail, and Taylorsville Justice Court, Respondents and Appellees.**

No. 20030264–CA.

Court of Appeals of Utah.

Feb. 1, 2007.

available. *See id.* at 253.

Joan C. Watt, Debra M. Nelson, and Heather Brereton, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

John N. Brems and George B. Hofmann, Parsons Kinghorn Harris, Salt Lake City, for Appellees.

Before Judges BILLINGS, DAVIS, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Justin Brent Peterson appeals from the district court's dismissal of his petition for post-conviction relief pursuant to Utah's Post–Conviction Remedies Act (PCRA). *See* Utah Code Ann. §§ 78–35a–101 to –304 (2002 & Supp.2006). We affirm.

## BACKGROUND

¶ 2 On July 18, 2000, Peterson pleaded guilty to two misdemeanor charges in justice court. Peterson, who was not represented by counsel, was sentenced to 360 days in jail for the two offenses. The justice court suspended Peterson's jail sentence and placed him on probation. On July 25, the justice court found Peterson to be in violation of the terms of his probation and executed his suspended sentence. On August 30, after Peterson had served thirty-six days in jail, the justice court suspended the balance of the sentence and placed Peterson back on probation. Peterson violated his probation again, and on February 13, 2002, the justice court once more revoked Peterson's probation and reinstated his remaining suspended jail time.

¶ 3 On August 9, 2002, Peterson filed a petition for post-conviction relief in the district court, alleging that he did not knowingly and voluntarily waive his right to be represented by counsel at the time of his justice court pleas. The district court heard evidence, including the testimony of the justice court judge who took Peterson's pleas, and concluded that Peterson had failed to meet his burden of establishing a violation of his right to counsel. Accordingly, the district court dismissed Peterson's petition with prejudice. Peterson appeals that dismissal.

## ISSUES AND STANDARDS OF REVIEW

¶ 4 Peterson argues that the district court erred in denying his petition for post-conviction relief. Peterson alleges that he is entitled to relief because he did not make a constitutionally valid waiver of his right to counsel prior to pleading guilty, pro se, in the justice court, and that the justice court's subsequent imposition of suspended jail time

on these uncounseled convictions violated his rights under the Sixth Amendment of the United States Constitution.

¶ 5 We review the denial of a petition for post-conviction relief "for correctness without deference to the lower court's conclusions of law." *Gardner v. Galetka*, 2004 UT 42, ¶ 7, 94 P.3d 263 (quotations and citation omitted). The district court's findings of fact will be disturbed "only if they are clearly erroneous." *Matthews v. Galetka*, 958 P.2d 949, 950 (Utah Ct.App.1998). Upon reviewing the record, "we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted." *Id.* (quotations and citation omitted).

## ANALYSIS

¶ 6 The parties originally briefed this matter prior to the issuance of *Lucero v. Kennard*, 2005 UT 79, 125 P.3d 917, addressing the applicability of the PCRA to convictions arising in Utah's justice courts. After *Lucero* was issued, this court requested supplemental briefing from the parties to address the applicability of that case to Peterson's. We determine that *Lucero* controls this case and affirm the district court's dismissal of Peterson's petition.

### I. Peterson's Failure to Seek A Trial De Novo Bars PCRA Relief

¶ 7 In *Lucero,* the Utah Supreme Court addressed and resolved multiple issues pertaining to the ability of justice court defendants to obtain relief under the PCRA. As a threshold matter, *Lucero* determined that justice court defendants are not categorically denied relief under the PCRA. *See id.* at ¶¶ 9–19. However, *Lucero* also held that a justice court defendant's failure to take advantage of a trial de novo will preclude PCRA relief unless the error in the justice court proceedings is the sort that cannot be remedied by a new trial. *See id.* at ¶¶ 33–38.

¶ 8 As the supreme court explained,

to be entitled to post-conviction relief, a petitioner must pursue any regular and prescribed method for attacking a conviction or sentence that would provide a plain, speedy, and adequate remedy in the ordinary course of law. The regular and prescribed method for appealing a justice court conviction is to seek a trial de novo in the district court. Thus, the critical inquiry to determine whether a justice court defendant must seek a de novo trial in order to meet the exhaustion requirement and be eligible for post-conviction relief is this: could a trial de novo provide the justice court defendant with a plain, speedy, and adequate remedy for the alleged constitutional violation? In other words, where an appropriate remedy for a constitutional violation would be a new trial, a justice court defendant must undergo a trial de novo to meet the exhaustion requirement. To obtain post-conviction relief if a justice court defendant has not sought a trial de novo, the defendant must establish that the constitutional violation was the kind that would demand relief beyond a new trial.

*Id.* at ¶ 38 (citation omitted).

¶ 9 The *Lucero* court suggested that the types of violations that might warrant PCRA relief despite a defendant's failure to seek a trial de novo include the justice court's failure to grant a speedy trial, the loss or destruction of exculpatory evidence, and "instances where prosecutorial misconduct is so severe that lesser sanctions could not result in a fair trial." *Id.* at ¶ 38 n. 7. *Lucero* also expressly determined that a violation of the right to counsel at a justice court plea hearing *can* be remedied by a trial de novo, and thus cannot form the basis of PCRA relief for a defendant who did not timely appeal his or her conviction to the district court. *See id.* at ¶¶ 39–41. At a trial de novo, Peterson would have been notified of all of his rights again and a record would have been created upon which his understanding of those rights could be evaluated. But Peterson failed to seek a trial de novo, and accordingly, he failed to exhaust his remedies and is procedurally barred from obtaining PCRA relief. *See id.* at ¶ 29 ("[T]o be eligible for post-conviction relief, the defendant must have 'exhausted all other legal remedies, including a direct appeal.'" (quoting Utah Code Ann. § 78-35a-102 (2002))).

## II. Unusual Circumstances Are Not Present

¶10 *Lucero* recognized that even where PCRA relief is barred by a defendant's failure to seek a trial de novo, an exception exists for unusual circumstances. *See Lucero v. Kennard,* 2005 UT 79, ¶¶ 30–32, 125 P.3d 917; *see also Gardner v. Galetka,* 2004 UT 42, ¶¶ 9, 17–18, 94 P.3d 263 (holding that Utah's common law post-conviction procedural bar jurisprudence survived the enactment of the PCRA). Thus, "once a court determines that a defendant is procedurally barred from seeking post-conviction relief, the court must then ascertain whether the defendant is nevertheless entitled to have an appellate court review the petition because unusual circumstances exist." *Lucero,* 2005 UT 79 at ¶ 43, 125 P.3d 917.

¶11 "To qualify for the unusual circumstances exception to the procedural bar rules, a petitioner must demonstrate that 'an obvious injustice or a substantial and prejudicial denial of a constitutional right' has occurred." *Id.* at ¶ 45 (quoting *Carter v. Galetka,* 2001 UT 96, ¶ 15, 44 P.3d 626); *see also Hurst v. Cook,* 777 P.2d 1029, 1035 (Utah 1989). "The unusual circumstances test was intended to assure fundamental fairness and to require reexamination of a conviction on habeas corpus when the nature of the alleged error was such that it would be unconscionable not to reexamine ... and thereby to assure that substantial justice was done." *Lucero,* 2005 UT 79 at ¶ 45, 125 P.3d 917 (omission in original) (quotations and citations omitted).

¶12 While Peterson argues that unusual circumstances exist, he has not demonstrated such circumstances in this case. Peterson argues that his circumstances are unusual because he was not represented by counsel until almost two years after the entry of his sentence, and because he sought PCRA relief

after the thirty-day statutory window for seeking a trial de novo had expired.[1] *See* Utah Code Ann. § 78–5–120(1) (2002). Neither of these facts excuse Peterson's failure to seek a trial de novo, and the circumstances of Peterson's case "do not rise to the level of an obvious injustice or a substantial and prejudicial denial of a constitutional right." *Lucero,* 2005 UT 79 at ¶ 46, 125 P.3d 917. Therefore, Peterson is not entitled to the relief he seeks.

## III. District Court's Dismissal of Peterson's Petition Was Proper

¶13 As we have determined, Peterson's failure to seek a trial de novo on his justice court convictions renders him ineligible for PCRA relief in this matter. As an alternative ground for affirming, however, we note that the district court's dismissal of Peterson's PCRA petition on its merits was proper in this case.

¶14 As Peterson correctly points out, the right to counsel is entitled to special protection, and collateral attacks premised on violations of the right to counsel are not automatically subjected to the same presumption of regularity that attaches in other collateral attacks. *See Lucero v. Kennard,* 2005 UT 79, ¶¶ 24–25, 125 P.3d 917; *see also Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 404, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (concluding that a failure to appoint counsel claim "warrants special treatment among alleged constitutional violations"). Nevertheless, where there is some evidence that a defendant has acquiesced in the trial court's failure to appoint counsel, the burden of proof shifts to the defendant to establish that he did not validly waive his right to counsel. *See Lucero,* 2005 UT 79 at ¶ 25, 125 P.3d 917.

---

1. Peterson focuses his supplemental brief on these two facts in an apparent attempt to distinguish his case from *Lucero v. Kennard,* 2005 UT 79, 125 P.3d 917. In *Lucero,* the supreme court determined that a defendant had not established exceptional circumstances because "[h]e filed his petition for post-conviction relief [while he] was still statutorily eligible to file for a trial de novo" and he "was represented by counsel at the time he decided to pursue post-conviction relief instead of a trial de novo." *Id.* at ¶ 46. Although we agree that the circumstances of Peterson's case are distinguishable from those present in *Lucero,* they do not establish " 'an obvious injustice or a substantial and prejudicial denial of a constitutional right' " as required to constitute exceptional circumstances. *Id.* at ¶ 45 (quoting *Carter v. Galetka,* 2001 UT 96, ¶ 15, 44 P.3d 626).

¶ 15 Here, the record contains a waiver of constitutional rights signed by Peterson at the time of his July 18, 2000 pleas.[2] In relevant part, that waiver stated:

I have been informed and understand that I have the following rights under the Constitutions of Utah and of the United States. It is my intention to waive my constitutional rights and enter a plea.... Specifically, I waive my right to:

1. COUNSEL. I have the right to consult with and be represented by an attorney. If the judge were to determine that I am too poor to be able to hire a lawyer, then the judge could appoint one to represent me.

Peterson not only signed the document as a whole, but also individually initialed the document next to each right waived, including the right to counsel.

¶ 16 This document alone is sufficient to evidence Peterson's affirmative acquiescence in the justice court's failure to appoint counsel and shift the burden of establishing a Sixth Amendment violation onto Peterson. Peterson offered no evidence of a Sixth Amendment violation before the district court besides his own self-serving testimony, and we have no difficulty affirming the district court's conclusion that Peterson failed to meet his burden of proving a violation.

## CONCLUSION

¶ 17 In light of *Lucero v. Kennard*, 2005 UT 79, 125 P.3d 917, we determine that Peterson's PCRA challenge to his justice court convictions is barred by his failure to seek a trial de novo in the district court. As an alternative ground upon which to affirm the district court's denial of Peterson's PCRA action, we note that the record contains ample evidence to support the district court's determination that Peterson failed to prove a violation of his right to have counsel present at his justice court plea hearing. For these reasons, we affirm the district

court's order denying Peterson's petition for post-conviction relief.

¶ 18 WE CONCUR: JUDITH M. BILLINGS and JAMES Z. DAVIS, Judges.

---

2. Peterson contends that the written waiver cannot be considered because it was not incorporated into the record during his plea colloquy. *See, e.g., State v. Mora*, 2003 UT App 117, ¶¶ 19–20, 69 P.3d 838. However, this rule is limited to direct appeals and is not applicable in the PCRA context. *See State v. Lehi*, 2003 UT App 212, ¶ 9 n. 3, 73 P.3d 985 (distinguishing between direct appeals and post-conviction proceedings for purposes of applying the incorporation rule).