2007 UT 90

**Tammy BLUEMEL, Plaintiff and Respondent,**

v.

**STATE of Utah, Defendant and Petitioner.**

**No. 20060586.**

Supreme Court of Utah.

Nov. 6, 2007.

Gregory G. Skordas, Rebecca C. Hyde, Salt Lake City, for plaintiff.

Mark L. Shurtleff, Att'y Gen., Brett J. Delporto, Asst. Att'y Gen., Salt Lake City, for defendant.

DURRANT, Justice:

## INTRODUCTION

¶ 1 This case concerns Tammy Bluemel's petition for post-conviction relief, which the post-conviction court dismissed as untimely. The court of appeals reversed, determining that the trial court's violation of rule 11 of the Utah Rules of Criminal Procedure alone qualifies Bluemel's petition for the "interests of justice" exception to the Post–Conviction Remedies Act's [1] ("PCRA") statute of limitations. We granted certiorari on two issues:

---

1. Utah Code Ann. §§ 78–35a–101 to –304 (2002  & Supp.2007).

(1) whether the court of appeals erred in its evaluation of the interests of justice exception to the PCRA's one-year statute of limitations, and (2) whether the court of appeals applied the correct standard for reviewing a trial court's violation of rule 11 of the Rules of Criminal Procedure raised in the context of a petition for post-conviction relief. We address both issues and ultimately reverse the court of appeals. The court of appeals incorrectly evaluated the interests of justice exception and did not apply the correct standard in reviewing a rule 11 violation raised in the context of a post-conviction proceeding.

## BACKGROUND

¶ 2 Between October 1998 and April 1999, Bluemel had sexual intercourse with her fourteen-year-old foster son on multiple occasions and, on one occasion, provided him with alcohol. On October 18, 2001, Bluemel was charged with seven counts of rape, each a first degree felony, and one count of supplying alcohol to a minor, a class A misdemeanor.

¶ 3 Bluemel negotiated a plea agreement, which was reduced to writing as a plea statement, in which she pleaded guilty to three counts of rape and one count of supplying alcohol to a minor. The plea statement included an explanation that, by pleading guilty, Bluemel waived various constitutional rights, including her right to a jury trial, her right to confront and cross-examine witnesses, her right to compel witnesses, her right to testify and the privilege against self-incrimination, her presumption of innocence until proven guilty and the State's burden of proving each element of the crimes with which she was charged beyond a reasonable doubt, and her right to appeal. The plea statement also included a statement that Bluemel entered into the guilty pleas of her own free will and choice and that she had read and understood the statement. Further, the plea statement declared that Bluemel "was not under the influence of any drugs, medication, or intoxicants which would impair [her] judgment when [she] decided to plead guilty" and that she was "not presently under the influence of any drug, medication, or intoxicants which impair [her] judgment."

And finally, the plea statement indicated that Bluemel was "free of any mental disease, defect, or impairment that would prevent [her] from understanding what [she was] doing or from knowingly, intelligently, and voluntarily entering [her] plea."

¶ 4 At her arraignment, Bluemel pleaded guilty to three counts of rape and one count of supplying alcohol to a minor. During the plea colloquy, the trial court explained to Bluemel that, "[b]efore I can accept your pleas, you have certain Constitutional Rights that you need to waive. They are talked about in that statement in advance of the plea." The court then asked Bluemel if she had any questions about the plea statement, to which Bluemel replied, "I don't, your Honor." The court asked Bluemel if she understood each of her rights and stated as follows:

> You have a right to a speedy trial, a right to a trial by jury, a right to confront and cross examine the witnesses against you. You have a right not to incriminate yourself; you don't have to take the witness stand and testify. In fact, you don't have to prove or disprove anything. The burden of proof is upon the State to prove each and every element of the crimes that are alleged.

Bluemel said that she understood those rights and waived them. Following this exchange, the trial court asked Bluemel to sign the plea statement, which she did. Bluemel then verbally entered her guilty pleas into the record. The trial court accepted her pleas and found that "Ms. Bluemel ha[d] knowingly and voluntarily entered her pleas."

¶ 5 On March 27, 2002, the trial court sentenced Bluemel to three indeterminate terms of five years to life for rape and one indeterminate term not to exceed one year for supplying alcohol to a minor, each to run concurrently. Bluemel did not file a motion to withdraw her pleas and did not file an appeal. But Bluemel alleges that immediately after sentencing and repeatedly thereafter, she told her attorney that she wanted to appeal and that he said that he would handle it. Bluemel further alleges that when she tried to communicate with her attorney regarding the status of her appeal, he would

not accept her calls or respond to her written requests. After one year, Bluemel began to look for a new attorney. In October 2003, Bluemel retained her current counsel.

¶ 6 On May 3, 2004, over two years after sentencing, Bluemel filed a petition for post-conviction relief under the PCRA. In her petition, Bluemel claimed that the conviction obtained by the guilty pleas was "unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the plea[s]." This claim was based on her allegation that, at the time she entered her guilty pleas, she was taking a number of medications, including Neurontin, Effexor, Xanax, trazodone, Soma, ibuprofen, Macrodantin, and Axid, the combination of which prevented her from entering voluntary and knowing pleas. Bluemel also claimed that she was denied the effective assistance of counsel and that she should be granted post-conviction relief on that basis. Specifically, Bluemel alleged that her counsel was ineffective in failing to request a competency hearing for her despite knowing that her use of the above-mentioned prescription medications rendered her unable to enter knowing and voluntary pleas, in failing to file a motion to withdraw her guilty pleas, and in failing to file any other post-conviction motions. The State moved to dismiss Bluemel's petition as untimely, arguing that it did not meet the interests of justice exception to the PCRA's one-year statute of limitations.

¶ 7 The post-conviction court granted the State's motion to dismiss. The court found that the petition was time barred by the plain language of the PCRA's statute of limitations and that this was "not a case where the interests of justice require a waiver of the statutory filing limit." Bluemel appealed.

¶ 8 The court of appeals reversed and remanded.[2] The court of appeals found

"that the plea statement was not properly incorporated into the record" because "the trial court asked Bluemel only if she had 'any questions about the statement'" but "never asked Bluemel if she actually read, understood, and acknowledged her plea statement."[3] The court of appeals also determined "that the trial court did not sufficiently conduct a rule 11 colloquy with Bluemel"[4] because it "failed to inform Bluemel of her 'right to the presumption of innocence,' that the State carried the burden of proving her guilty 'beyond a reasonable doubt,' that her 'plea is an admission of all those elements,' and that she had the 'right to compel the attendance of defense witnesses.'"[5] The court of appeals concluded that, because of these errors, Bluemel's petition for post-conviction relief fell within the interests of justice exception to the PCRA's one-year statute of limitations and that the trial court therefore erred in dismissing the petition.[6] Because it found the trial court's failure to comply with rule 11 dispositive, the court of appeals did not address Bluemel's claims that her pleas were unknowing and involuntary due to the medications she was taking and that her counsel rendered ineffective assistance.[7] We granted the State's petition for certiorari and have jurisdiction pursuant to Utah Code section 78–2–2(3)(a).

## STANDARD OF REVIEW

¶ 9 "On certiorari, we review the decision of the court of appeals, not the decision of the trial court. We review the court of appeals' decision for correctness and give its conclusions of law no deference."[8]

## ANALYSIS

¶ 10 We granted certiorari to determine whether the court of appeals erred in its evaluation of the interests of justice excep-

---

2. *Bluemel v. State*, 2006 UT App 141, ¶ 1, 134 P.3d 181.

3. *Id.* ¶ 15.

4. *Id.* ¶ 18.

5. *Id.* ¶ 16 (quoting Utah R.Crim. P. 11(e)(3), (4)(A)).

6. *Id.* ¶¶ 17–18.

7. *Id.* ¶ 9 n. 2.

8. *Bear River Mut. Ins. Co. v. Wall*, 1999 UT 33, ¶ 4, 978 P.2d 460 (internal quotation marks and citations omitted).

tion to the PCRA's one-year statute of limitations. We also granted certiorari to determine whether the court of appeals applied the correct standard for reviewing a trial court's violation of rule 11 of the Utah Rules of Criminal Procedure raised in the context of a petition for post-conviction relief. We first explain the requirements of a petition for post-conviction relief under the PCRA and the interests of justice exception to the PCRA's statute of limitations and conclude that the court of appeals erred in its evaluation of this exception. We then address the rule 11 issue and conclude that the court of appeals applied the incorrect standard for reviewing a rule 11 violation in the context of a petition for post-conviction relief. And we find that the court of appeals incorrectly relied on the rule 11 violation as a basis for applying the interests of justice exception to the PCRA.

## I. A COURT SHOULD WEIGH THE MERITORIOUSNESS OF A CLAIM FOR POST–CONVICTION RELIEF AND THE REASON FOR THE UNTIMELY FILING IN CONSIDERING THE INTERESTS OF JUSTICE EXCEPTION TO THE PCRA'S STATUTE OF LIMITATIONS

¶ 11 The PCRA "establishes a substantive legal remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies." [9] A petitioner may request relief only upon certain grounds, which are:

(a) the conviction was obtained or the sentence was imposed in violation of the United States Constitution or Utah Constitution;

(b) the conviction was obtained under a statute that is in violation of the United States Constitution or Utah Constitution, or the conduct for which the petitioner was prosecuted is constitutionally protected;

(c) the sentence was imposed in an unlawful manner, or probation was revoked in an unlawful manner;

(d) the petitioner had ineffective assistance of counsel in violation of the United States Constitution or Utah Constitution; or

(e) newly discovered material evidence exists that requires the court to vacate the conviction or sentence.[10]

A petitioner must also meet the statutory time limit of the PCRA and file a petition "within one year after the cause of action has accrued." [11] A failure to file within this statutory period is excused only "[i]f the court finds that the interests of justice require." [12]

¶ 12 In Bluemel's case, the PCRA's statute of limitations began to run on "the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken," [13] which was April 26, 2002. She therefore had until April 26, 2003, to file her petition for post-conviction relief. But she filed her petition on May 3, 2004, more than one year late. Thus, Bluemel's petition is viable only if the interests of justice require.

¶ 13 We have explained that "an analysis of what constitutes an exception in the 'interests of justice' should involve examination of both the meritoriousness of the petitioner's claim and the reason for the untimely filing." [14] But it is not "a hard and fast rule that a petitioner must be able to demonstrate both that his claim is meritorious and that he was justified in raising it late." [15] Instead, a "court will give appropriate weight to each of those factors according to the circumstances of a particular case." [16] Thus, "a claim of actual innocence supported by the discovery of DNA evidence may require virtually no justification for a late filing; on the other hand, an entirely frivolous claim would not meet the 'interests of justice' exception even

9. Utah Code Ann. § 78–35a–102(1) (2002).

10. *Id.* § 78–35a–104(1).

11. *Id.* § 78–35a–107(1).

12. *Id.* § 78–35a–107(3).

13. *Id.* § 78–35a–107(2)(a).

14. *Adams v. State*, 2005 UT 62, ¶ 16, 123 P.3d 400.

15. *Id.*

16. *Id.*

with the best possible excuse for late filing." [17]  But when a case falls between these extremes, a court should consider both the claim itself and the reason for the late filing. [18]  Such is the case here.

¶ 14  The post-conviction court dismissed Bluemel's petition because it was untimely and found that the interests of justice exception did not apply.  The court of appeals reversed.  Specifically, the court of appeals found that, during the plea colloquy, the trial court failed to strictly comply with rule 11 and that this noncompliance necessarily infringed on Bluemel's constitutional rights, warranting application of the interests of justice exception. [19]  The State argues that the court of appeals erred when it concluded that a rule 11 violation necessarily infringes on a defendant's constitutional rights.  The State further contends that proof of a rule 11 violation alone is not enough to trigger the interests of justice exception.  In response, Bluemel argues that the court of appeals properly concluded that a failure to strictly comply with rule 11 triggers the interests of justice exception.  Bluemel argues that a failure to strictly comply with rule 11 renders a guilty plea unknowing and involuntary, and therefore unconstitutional.

¶ 15  We conclude that the court of appeals erred in its evaluation of the interests of justice exception to the PCRA's statute of limitations.  The court of appeals did not explicitly consider both the meritoriousness of Bluemel's claims and the reason for her untimely filing;  rather, it rested its decision exclusively on its conclusion that any rule 11 violation results in an unconstitutional plea.  In so doing, it erred.  To correctly evaluate the applicability of the interests of justice exception to Bluemel's petition for post-conviction relief, the court of appeals should have considered the merits of Bluemel's two claims: first, that her use of prescription medications caused her pleas to be unknowing and involuntary and, second, that her counsel rendered ineffective assistance in failing to request a competency hearing and file motions challenging her guilty pleas.  The court of appeals should then have considered her explanation for the untimeliness of her petition.

## II.  A RULE 11 VIOLATION IS NOT NECESSARILY A CONSTITUTIONAL VIOLATION THAT RENDERS A CLAIM MERITORIOUS IN THE CONTEXT OF A PETITION FOR POST–CONVICTION RELIEF

¶ 16  In evaluating Bluemel's claim that her guilty pleas were unknowing and involuntary, the court of appeals found that the trial court failed to inform Bluemel of all of the rule 11(e) "factors and rights" during the plea colloquy. [20]  The court held that "because noncompliance with rule 11 infringes on the constitutional rights of the accused . . . noncompliance with rule 11 readily falls within the interests of justice exception under the PCRA." [21]  In so holding, the court of appeals erred.  As we further explain below, in the context of a collateral attack on a conviction, a rule 11 violation is not, in and of itself, a constitutional violation and therefore does not, standing alone, make a petitioner's claim meritorious and warrant application of the interests of justice exception.

¶ 17  Because a guilty plea involves the waiver of several constitutional rights, a guilty plea is not valid under the Due Process Clause of the United States Constitution unless it is knowing and voluntary. [22]  Rule 11 of the Utah Rules of Criminal Procedure is designed to protect an individual's rights when entering a guilty plea "by ensuring that the defendant receives full notice of the charges, the elements, how the defendant's conduct amounts to a crime, the conse-

---

17.  *Id.*

18.  *Id.* ¶ 17.

19.  *Bluemel v. State,* 2006 UT App 141, ¶¶ 16–17, 134 P.3d 181.

20.  *Bluemel v. State,* 2006 UT App 141, ¶ 16, 134 P.3d 181.

21.  *Id.* ¶ 17 (citation omitted).

22.  *See Parke v. Raley,* 506 U.S. 20, 28–29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *Salazar v. Utah State Prison,* 852 P.2d 988, 991 (Utah 1993).

quences of the plea, etc." [23]  Rule 11 identifies specific rights that a trial court must explain to a defendant who wishes to plead guilty.  It provides, in pertinent part, as follows:

> (e) The court may refuse to accept a plea of guilty, no contest or guilty and mentally ill, and may not accept the plea until the court has found:
>
> . . . ;
>
> (e)(2) the plea is voluntarily made;
>
> (e)(3) the defendant knows of the right to the presumption of innocence, the right against compulsory self-incrimination, the right to a speedy public trial before an impartial jury, the right to confront and cross-examine in open court the prosecution witnesses, the right to compel the attendance of defense witnesses, and that by entering the plea, these rights are waived;
>
> (e)(4)(A) the defendant understands the nature and elements of the offense to which the plea is entered, that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt, and that the plea is an admission of all those elements.[24]

The trial court's findings "may be based on questioning of the defendant on the record or, if used, a written statement reciting these factors after the court has established that the defendant has read, understood, and acknowledged the contents of the statement." [25]

¶ 18 In *Salazar v. Utah State Prison*,[26] we held that a rule 11 violation does not necessarily constitute a constitutional violation under either the Utah Constitution or the United States Constitution.[27]  We noted specifically, "If this were a direct appeal from denial of a motion to withdraw a guilty plea, . . . failure to strictly comply with [rule 11] would be grounds for reversal," but that "on collateral attack of a conviction, the petitioner must show a *constitutional* violation to obtain relief." [28]  Further, we stated that "[t]o obtain a writ of habeas corpus, a petitioner must show more than a violation of the prophylactic provisions of Rule 11; he or she must show that the guilty plea was in fact not knowing and voluntary." [29]

¶ 19 In a case for post-conviction relief, the petitioner bears the burden of "pointing to sufficient factual evidence or legal authority to support a conclusion of meritoriousness." [30]  Bluemel asserts, however, that she had no affirmative obligation of proof at the post-conviction hearing.  We disagree.  In order to show that her claim has merit, Bluemel was obligated at the post-conviction hearing to establish not just that the trial court violated rule 11, but that she did not, in fact, enter her pleas in a knowing and voluntary way.  This Bluemel failed to do.  Bluemel did not raise the issue of a rule 11 violation, nor did she point to any evidence tending to suggest that the trial court's violation of rule 11 rendered her pleas unknowing and involuntary.  She failed even to submit an affidavit to the effect that she did not understand her rights, and specifically those the trial court failed to mention during the plea colloquy.  We therefore hold that the court of appeals did not apply the correct standard for reviewing a violation of rule 11 because the court based its opinion only on the fact that the trial court violated rule 11 and did not consider whether such violation rendered Bluemel's pleas unknowing and involuntary.

¶ 20 We remand to the court of appeals for consideration of Bluemel's claims that, first, her pleas were not knowing and voluntary because she was using a variety of prescription medications at the time she pleaded

23.  *Salazar*, 852 P.2d at 991.

24.  Utah R.Crim. P. 11(e).

25.  *Id.* 11(e)(8).

26.  852 P.2d 988 (Utah 1993).

27.  *Id.* at 991–92 (holding "that a rule 11 violation does not warrant habeas corpus relief absent the deprivation of a constitutional right").

28.  *Id.* at 991 n. 6 (emphasis added).

29.  *Id.* at 992.

30.  *Adams v. State*, 2005 UT 62, ¶ 20, 123 P.3d 400.

guilty and, second, that her counsel rendered ineffective assistance in failing to request a competency hearing and in failing to file post-conviction motions challenging her guilty pleas. On remand, the court of appeals should consider both the meritoriousness of the claims and the reason for the untimely filing in order to determine whether the interests of justice exception to the PCRA applies.

## CONCLUSION

¶ 21 We hold that the court of appeals erred in its analysis of the interests of justice exception to the PCRA's statute of limitations because it did not consider both the meritoriousness of Bluemel's claims and the reason for her untimely filing. We also hold that the court of appeals did not apply the correct standards for reviewing a rule 11 violation raised for the first time in a petition for post-conviction relief. In the context of a petition for post-conviction relief, a rule 11 violation does not necessarily constitute a constitutional violation that, alone, triggers application of the interests of justice exception. Instead, for a petitioner's claim to have merit, she must show that her plea was, in fact, unknowing and involuntary because of a rule 11 violation. Moreover, proof that the trial court failed to strictly comply with rule 11 alone is not sufficient to prove that a guilty plea was unknowing and involuntary, and thus unconstitutional. Reversed and remanded.

¶ 22 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT'S opinion.