2011 UT App 21

**Jacob Mut BOLITH, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20100834–CA.

Court of Appeals of Utah.

Jan. 21, 2011.

Jacob Mut Bolith, Manti, Appellant Pro Se.

Mark L. Shurtleff and Brett J. DelPorto, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and THORNE.

## DECISION

PER CURIAM:

¶ 1 Appellant Jacob Mut Bolith appeals the district court's dismissal of his petition for relief under the Post–Conviction Remedies Act, *see* Utah Code Ann. §§ 78B–9–101 to – 110 (2008 & Supp.2010). Bolith entered a guilty plea to one charge of forcible sexual abuse, a second degree felony. He attempted to challenge the validity of his guilty plea on direct appeal. We held that the failure to file a timely motion to withdraw his guilty plea extinguished Bolith's right to challenge the guilty plea on direct appeal. *See State v. Bolith,* 2008 UT App 401U, 2008 WL 4817190 (mem.) (per curiam). In his post-conviction petition, Bolith claimed that (1) his guilty plea was not knowing and voluntary because it was the product of coercion, and (2) court-appointed trial counsel did not properly investigate the case before Bolith pleaded guilty.

¶ 2 The post-conviction court ruled that Bolith failed to establish that his plea was not knowingly and voluntarily entered because the plea colloquy and plea agreement in the underlying criminal case demonstrated that Bolith "understood the terms of the plea offer and that he accepted it after being properly advised in open court of the elements of the crime, the factual basis for the plea and the rights he was waiving by pleading guilty." The post-conviction court also concluded that Bolith failed to prove that his trial counsel was ineffective. Specifically, the district court concluded that Bolith had "not demonstrated how additional investigation would have yielded information that would have changed the outcome in any way."

¶ 3 In order to collaterally challenge the conviction resulting from his guilty plea, Bolith was required to demonstrate that his guilty plea was not knowing and voluntary. *See Bluemel v. State,* 2007 UT 90, ¶ 18, 173 P.3d 842 (stating that to obtain post-conviction relief, a petitioner must show a constitutional violation and "must show that the guilty plea was in fact not knowing and voluntary"). Therefore, it was not sufficient to merely claim that his trial counsel was ineffective in the entry of the guilty plea, without also demonstrating that the guilty plea was not knowing and voluntary. *See State v. Rhinehart,* 2007 UT 61, ¶ 13, 167 P.3d 1046 ("The ineffectiveness of counsel that contributes to a flawed guilty plea ... can spare a defendant the consequences of [his or] her plea only if the defendant makes out the same case required of every defendant who seeks to withdraw a plea: that the plea was not knowing and voluntary."). Thus, characterizing his collateral attack as a claim of ineffectiveness of counsel does not allow Bolith to avoid the burden of proving that the guilty plea was not knowing and voluntary.

¶ 4 Bolith claimed in his post-conviction petition that he was coerced to enter a guilty plea by his trial counsel and the district court. The post-conviction court correctly found that these allegations were controverted by the detailed plea colloquy conducted by the district court in the criminal case. In the colloquy, the district court specifically inquired whether Bolith was entering a guilty plea voluntarily, then restated the question as, "[D]o you feel that you've been pressured to do it, or forced to do it or had any pressure applied to you to do it?" Bolith replied to this specific question, "No, I just do it." Bolith also confirmed that he believed he was guilty of the crime as charged in the information and accompanying probable cause statement and as explained by the district court. Finally, Bolith confirmed that he understood his rights as explained to him by the district court, had discussed those rights with trial counsel, and had read and understood the statement of rights in the plea agreement. He then stated that he agreed to give up

those rights. Accordingly, Bolith did not meet his burden of demonstrating in post-conviction proceedings that his guilty plea was not knowing and voluntary. Bolith's claims on appeal that the plea colloquy itself demonstrates that he was coerced to enter a guilty plea through the collusion of his trial counsel, the district court, and the prosecutor are without merit.

¶5 Bolith also claims that his trial counsel was ineffective because he failed to interview witnesses or otherwise investigate the case prior to the entry of the guilty plea. The post-conviction court concluded that Bolith had failed to show that any additional evidence would have produced a different result. However, once the post-conviction court had determined that Bolith's guilty plea was knowing and voluntary, it was unnecessary to consider the claim that trial counsel was ineffective in pre-plea investigation of the case. "[B]y pleading guilty, the defendant is deemed to have admitted all of the essential elements of the crime charged and thereby waives all nonjurisdictional defects, including alleged pre-plea constitutional violations." *Id.* ¶15.

¶6 We affirm the dismissal of the petition for post-conviction relief.